Bruce G. Chapman (State Bar No. 164258)
bchapman@cblh.com
Keith D. Fraser (State Bar No. 216279)
kfraser@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
333 S. Grand Ave., Suite 2300
Los Angeles, CA 90071
Telephone: (213) 787-2500
Facsimile: (213) 687-0498

Dianne B. Elderkin (admitted *pro hac vice*)
delderkin@akingump.com
Barbara L. Mullin (admitted *pro hac vice*)
bmullin@akingump.com
Steven D. Maslowski (admitted *pro hac vice*)
smaslowski@akingump.com
Angela Verrecchio (admitted *pro hac vice*)
averrecchio@akingump.com
Matthew A. Pearson (admitted *pro hac vice)*
mpearson@akingump.com
Rubén H. Muñoz (admitted *pro hac vice*)
rmunoz@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square, Suite 4100
2001 Market Street
Philadelphia, Pennsylvania 19103-7013
Telephone: (215) 965-1200
Facsimile: (215) 965-1210

Attorneys for Plaintiff and Counter-Defendant CENTOCOR ORTHO BIOTECH, INC. and Third-Party Defendants GLOBAL PHARMACEUTICAL SUPPLY GROUP, LLC, CENTOCOR BIOLOGICS, LLC and JOM PHARMACEUTICAL SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CENTOCOR ORTHO BIOTECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> GENENTECH, INC. and CITY OF HOPE, <br><br> Defendants. <br><br> AND RELATED COUNTER AND THIRD-PARTY ACTIONS. | Case No. CV 08-03573 MRP (CTx) <br><br> **PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE DEPOSITION OF WITNESS JEFFREY KUSHAN AFTER THE DISCOVERY CUT-OFF DATE** <br><br> Date: TBA <br> Time: TBA <br> Place: Hon. Mariana Pfaezler, Courtroom 12 |

## I. INTRODUCTION

Pursuant to Local Rule 7-19, Plaintiff Centocor Ortho Biotech, Inc. ("Centocor") hereby applies *ex parte* to the Court for leave, if necessary, to take the deposition of third-party witness Jeffrey Kushan after the Discovery Cut-Off date of April 30, 2010.

Mr. Kushan is a third-party witness and serves as Defendant Genentech, Inc.'s ("Genentech") outside patent counsel. Centocor served Mr. Kushan on April 21, 2010, pursuant to Rule 45 by means of a deposition subpoena issued from the District Court for the District of Columbia. Counsel for Genentech also represents Mr. Kushan and has indicated that it would not make Mr. Kushan available for his deposition. Centocor has filed an emergency application with the D.C. District Court seeking to compel Mr. Kushan's compliance with the subpoena. In the event that the D.C. District Court grants Centocor's application and Mr. Kushan's deposition is unable to proceed prior to April 30, 2010, the discovery cut-off date, Centocor seeks leave from this Court to take Mr. Kushan's deposition on a date after April 30.

This *ex parte* application is being filed because fact discovery in this case closes on April 30, 2010 and Centocor is unable to bring a noticed motion prior to the Discovery cut-off. On April 27, 2010, Keith D. Fraser, counsel for Centocor, contacted Matthew Shiels, counsel for defendant Genentech and advised him of the substance of this *ex parte* application and of plaintiff's intent to file it today. At the time of this filing, counsel has not indicated whether Defendants would oppose Plaintiff's *ex parte* application. However, Mr. Shiels has informed Centocor that Genentech intends to move *ex parte* for a protective order that the deposition of Mr. Kushan not take place. The contact information for Defendants' counsel Genentech, Inc. is as follows:

Mark A. Pals
Marcus E. Sernel
Matthew J. Shiels
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Tel: 312-861-2000
Email:   mpals@kirkland.com
         msernel@kirkland.com
Daralyn J. Durie
Ryan Kent
Durie Tangri, LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel: 415-362-6666
Email:   ddurie@durietangri.com
         rkent@durietangri.com

## II.    SUMMARY OF FACTS

Centocor initiated this litigation by filing a declaratory judgment action seeking a ruling that Genentech's "Cabilly II" Patent is invalid or not enforceable. The Cabilly II Patent was involved in a lengthy reexamination proceeding at the U.S. Patent and Trademark Office. Mr. Kushan, who is a partner with the firm of Sidley Austin LLP, was the attorney who handled that reexamination proceeding for Genentech. Centocor has asserted and pleaded that the Cabilly II Patent is unenforceable due to inequitable conduct. On April 21, 2010, it served Supplemental Interrogatory Responses on Genentech in support of its inequitable conduct defense. (Ex. E).

On April 19, 2010, more than ten days before the close of fact discovery, counsel for Centocor corresponded via electronic mail with counsel for Genentech regarding whether Genentech would accept service of a deposition notice for Mr. Kushan. Attached to that correspondence was a Notice of Deposition for Jeffrey Kushan. Genentech's counsel agreed to accept service of process. On April 21, Centocor served a subpoena for the deposition of Mr. Kushan on counsel for

Genentech, setting an April 30 deposition, at 9:00 a.m., in the D.C. offices of Akin Gump Strauss Hauer & Feld LLP (Ex. A).

By letter dated April 23, 2010, counsel for Genentech informed Centocor that it would not be producing Mr. Kushan for deposition (Ex. B). Later that same day, Centocor again explained that Mr. Kushan has been identified as a witness with knowledge relevant to the litigation, and asked that Genentech reconsider producing Mr. Kushan for deposition (Ex. C). Counsel for the parties met and conferred via telephone on April 26, 2010 and were unable to resolve this issue.

Because discovery is set to close on April 30, 2010 in this litigation, and because this issue has already been under Genentech's consideration for a week, Centocor asked Genentech to advise it by 3:00 EDT on April 26 whether it would produce Mr. Kushan so that, if Genentech refused, Centocor could seek the Court's intervention. Genentech did not reply by the appointed time. Thereafter, Centocor filed an Emergency Application in the D.C. District Court seeking to compel Mr. Kushan's compliance with the subpoena and ordering Mr. Kushan to appear on April 30 for his scheduled deposition. (Ex. D).

### III.   ARGUMENT

Pursuant to Rule 16(b)(4), a Court may modify a Scheduling Order upon a showing of good cause. Good cause exists for amending the Scheduling Order to allow for the deposition of Mr. Kushan. Mr. Kushan was properly served with the deposition notice and subpoena on April 21, well before the discovery cut-off and with sufficient time for Mr. Kushan to prepare and appear for his deposition on April 30. Mr. Kushan's counsel, also counsel for Genentech, knew of Centocor's intention to take Mr. Kushan's deposition a full eleven days before the discovery cut-off. As set forth in Centocor's ex parte application to compel compliance with the subpoena, Genentech has no basis for objecting to the deposition and for refusing to produce Mr. Kushan. Despite being served with the valid subpoena, neither

Genentech nor Mr. Kushan moved to quash the subpoena in the D.C. Court. Instead, Genentech engaged in a time consuming meet and confer process with Centocor until finally ending such communications days before the end of discovery.

Attorneys who prosecute patent applications are regularly deposed in subsequent patent litigation. *V. Mane Fils, S.A. v. International Flavors and Fragrances, Inc.,* 2008 WL 3887621, at *3-4 (D.N.J. Aug. 20, 2008). In fact, Genentech has not objected to producing two other attorneys who had responsibility for certain aspects of the prosecution of the Cabilly II Patent before the U.S. Patent and Trademark Office. If Genentech has an issue with the sufficiency of Centocor's pleading of inequitable conduct (and it should not), that is an issue to take up at a later date. It is not a reason for refusing to produce for deposition a witness who is relevant and who was timely served with a subpoena.

Good cause exists for modifying a Scheduling Order if "it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 609 (9th Cir. 1992) (*citing* Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). Here, Centocor has been diligent. It noticed Mr. Kushan's deposition within a reasonable time within the discovery period. It is Genentech's interference in Centocor's valid attempts to conduct the discovery that has resulted in Centocor's request to take the deposition after the discovery cut-off.

Accordingly, to the extent that the D.C. District Court orders that Mr. Kushan comply with the deposition subpoena on a date after April 30, Centocor requests that this Court amend the Scheduling Order for the limited purpose of taking Mr. Kushan deposition after April 30.

///

///

## IV. CONCLUSION

For the foregoing reasons, it is requested that, in the event that the D.C. District Court orders that the deposition of Mr. Kushan go forward, this Court grant Centocor leave to take his deposition after the Discovery Cut-off date of April 30, 2010, if necessary.

DATED: April 27, 2010

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____/s/ Dianne B. Elderkin_____
　　　　　Dianne B. Elderkin

and

CONNOLLY BOVE LODGE & HUTZ LLP

By: _____/s/ Bruce G. Chapman_____
　　　　　Bruce G. Chapman

Attorneys for Plaintiff and Counter-Defendant Centocor Ortho Biotech, Inc. and Third-Party Defendants Global Pharmaceutical Supply Group, LLC, Centocor Biologics, LLC and JOM Pharmaceutical Services, Inc.

CERTIFICATE OF SERVICE

I, Dori Dellisanti, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. My business address is Connolly Bove Lodge & Hutz LLP, 333 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On April 27, 2010, I served the foregoing documents described as:

(1) **PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE DEPOSITION OF WITNESS JEFFREY KUSHAN AFTER DISCOVERY CUT-OFF DATE; and**

on the following person(s) in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

| | |
|---|---|
| David I Gindler<br>Joseph M Lipner<br>Irell and Manella<br>1800 Avenue of the Stars<br>Suite 900<br>Los Angeles, CA 90067-4276 | Attorneys for Defendant and Counterclaimant City of Hope Medical Center<br>Tel: 310-277-1010<br>Fax: 310-203-7199<br>Email: jlipner@irell.com;<br>dgindler@irell.com<br>Coh.centocor.team@irell.com |
| Mark A. Pals<br>Marcus E Sernel<br>Matthew Shiels<br>Kirkland and Ellis LLP<br>300 North LaSalle Street<br>Chicago, IL 60654 | Attorneys for Defendant and Counterclaimant Genentech, Inc.<br>Tel: 312-861-2000<br>Fax: 312-861-2200<br>Email: mpals@kirkland.com<br>msernel@kirkland.com |
| Daralyn J. Durie<br>Ryan Kent<br>Durie Tangri Lemley Roberts & Kent LLP<br>332 Pine Street<br>Suite 200<br>San Francisco, CA 94104 | Attorneys for Defendant and Counterclaimant Genentech, Inc.<br>Tel: 415-362-6666<br>Email: ddurie@durietangri.com<br>rkent@durietangri.com |

[ ] **BY MAIL**  I am readily familiar with the firm's practice regarding collection and processing of correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY PERSONAL SERVICE**:  I caused such envelope to be delivered by hand to the addressee(s) as stated above.

[ ] **FEDERAL EXPRESS**: I am readily familiar with the office practice of Connolly Bove Lodge & Hutz LLP for collecting and processing correspondence for overnight delivery by Federal Express. Such practice is that when correspondence for overnight delivery by Federal Express is deposited with the

Connolly Bove Lodge & Hutz LLP personnel responsible fore delivering correspondence to Federal Express, such correspondence is delivered to a Federal Express location or to an authorized courier or driver authorized by Federal Express to receive documents or deposited at a facility regularly maintained by Federal Express for receipt of documents on the same day in the ordinary course of business.

**[X]  BY E-MAIL:**  (1) I caused copies of the above documents to be emailed to the interested parties based on the email addresses indicated herein, and/or (2) based on General Order 08-02, the attached document(s) was sent to the person(s) at the e-mail addres(es) indicated above through the Court's Electronic Filing System (ECF).

**[X]  FEDERAL**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on April 27, 2010 at Los Angeles, California.

|  Dori Dellisanti  |  */s/ Dori Dellisanti*  |
|---|---|
| Name | Signature |

7

PLAINTIFF'S *EX PARTE* APPLICATION TO TAKE DEPOSITION
AFTER DISCOVERY CUT-OFF DATE
LAX30642_1