Mark A. Pals, P.C. (*pro hac vice*)
mpals@kirkland.com
Marcus E. Sernel (*pro hac vice*)
msernel@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312)862-2000 (o); (312)862-2200 (f)

Daralyn J. Durie (SBN 169825)
ddurie@durietangri.com
Mark Lemley (SBN 155830)
mlemley@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
(415)362-6666 (o); (415)236-6300 (f)

Attorneys for GENENTECH, INC.

David I. Gindler (SBN 117824)
dgindler@irell.com
Joseph M. Lipner (SBN 155735)
jlipner@irell.com
IRELL & MANELLA, LLP
1800 Avenue of the Stars
Los Angeles, CA 90067
(310)277-1010 (o); (310)203-7199 (f)

Attorneys for CITY OF HOPE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| CENTOCOR ORTHO BIOTECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> GENENTECH, INC. AND CITY OF HOPE, <br><br> Defendants. <br><br> GENENTECH, INC. AND CITY OF HOPE, <br><br> Counter-Plaintiffs <br> v. <br><br> CENTOCOR ORTHO BIOTECH, INC., <br><br> Counter-Defendant <br> AND <br><br> GLOBAL PHARMACEUTICAL SUPPLY GROUP, LLC, CENTOCOR BIOLOGICS, LLC, AND JOM PHARMACEUTICAL SERVICES, INC., <br><br> Third-party Defendants. | Case No. CV 08-03573 MRP (JEMx) <br><br> The Honorable Mariana R. Pfaelzer <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION FOR PROTECTIVE ORDER PROHIBITING THE DEPOSITION OF GENENTECH COUNSEL JEFFREY KUSHAN; AND OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE DEPOSITION OF WITNESS JEFFREY KUSHAN AFTER DISCOVERY CUT-OFF** |

## I.  INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26, Genentech and City of Hope (collectively "Defendants") move for a protective order to prevent Centocor from deposing Jeffrey Kushan of Sidley Austin LLP, Genentech's outside counsel involved in the reexamination of U.S. Patent No. 6,331,415 (the "'415 patent").  Mr. Kushan, a third party, works in Washington, D.C. and maintains an active calendar involving counseling, patent office practice, and litigation.  Centocor served a subpoena for his deposition just ten days before the discovery cut-off date of April 30, setting his deposition for April 30.

Centocor has been more than a little coy about describing the reasons for deposing one of Genentech's outside counsel.  Centocor's only justification in its *Ex Parte* Application, filed with this Court, is that Mr. Kushan purportedly has knowledge about the reexamination that is somehow relevant to Centocor's inequitable conduct allegations.  Centocor has refused to say anything more—such as the nature of the non-privileged knowledge that Mr. Kushan might have, or the particular inequitable conduct allegations to which his knowledge might be relevant.

Centocor's decision to stay mum about the basis for taking Mr. Kushan's deposition is understandable:  It has no legitimate grounds to serve a subpoena upon him.  Centocor does not contend that Mr. Kushan has any knowledge relevant to the claims asserted in its current operative pleading, the Second Amended Complaint— even though discovery under Rule 26 of the Federal Rules of Civil Procedure is permitted only with respect to matters relevant to a claim or defense in the case.  The inequitable conduct contentions in the Second Amended Complaint do not even mention the reexamination, the sole basis as to which Centocor desires to conduct Mr. Kushan's deposition.  (Docket No. 106) This omission is particularly glaring because Centocor filed its Second Amended Complaint after the United States Patent and Trademark Office ("USPTO") issued a Notice of Intent to Issue *Ex Parte* Reexamination Certificate ("NIRC") in Feburary 2009, confirming patentability of

1  claims 1-20 and 33-36 and allowing amended claims 21-32—and specifically included
2  allegations about the reexamination in other parts of that pleading.  It appears that
3  Centocor desires to conduct Mr. Kushan's deposition, not with respect to the
4  allegations of its Second Amended Complaint, but rather with respect to matters
5  discussed in a supplemental interrogatory response that it served on April 21 (fewer
6  than ten days before the close of fact discovery).  (Ex. 1: Supplemental Responses to
7  Genentech's Interrogatories No. 16 & 17)   But an interrogatory response is no
8  substitute for an actual claim alleged in an operative pleading (especially where, as
9  here, that claim must be pled with the particularity required by Rule 9 of the Federal
10 Rules of Civil Procedure), and there is no authority authorizing the deposition of a
11 third party based solely on the noticing party's eleventh-hour (and self-serving)
12 discovery responses.

13       Moreover, Centocor has absolutely no excuse for its extraordinary lack of
14 diligence in pursuing Mr. Kushan's deposition.  Centocor does not contend that
15 Mr. Kushan was unknown to it, or that his role in the reexamination of the '415 patent
16 was unknown to it, until the very end of the case.  In fact, quite the opposite is true.
17 This action was filed in May 2008.  Centocor has known about the reexamination
18 since that time, given that it is discussed in its initial complaint.  The reexamination
19 was concluded in May 2009, with the United States Patent and Trademark Office
20 reaffirming the patentability of the claims of the '415 patent. Genentech immediately
21 provided the reexamination files to the Court and Centocor in 2008 and 2009.  In
22 short, Centocor cannot credibly say that it was unable to read the reexamination files,
23 understand Mr. Kushan's role, and include in its operative pleading a legitimate basis
24 to conduct his deposition until ten days prior to the close of fact discovery.

25       The parties are due to serve opening expert reports on May 14.  Now is not the
26 time for Centocor to pursue discovery that has nothing to do with any inequitable
27 conduct contention found in its Second Amended Complaint, particularly when
28 Centocor has not even attempted to articulate any basis for its extreme delay in

pursuing this discovery. Accordingly, Defendants' Ex Parte Application for a Protective Order should be granted, and Centocor's Ex Parte Application for Leave to Take Deposition should be denied.

## II.  ARGUMENT

### A.  Centocor Seeks Information That Is Not Relevant To Any Claim Or Defense in its Second Amended Complaint.

The scope of discovery permitted under a non-party subpoena is equal to the scope of discovery allowed under Rule 26(b) of the Federal Rules of Civil Procedure. *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679 (N.D. Cal. 2006). Under Rule 26(b)(1), discovery is permitted when it relates to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (2010).

Mr. Kushan was not involved in the prosecution of the '415 patent. Mr. Kushan was not involved in the interference between Boss and Cabilly over the claims that eventually issued in the '415 patent. Mr. Kushan was not involved in the district court litigation that Genentech filed challenging the result of the interference and eventually leading to the issuance of the '415 patent. Mr. Kushan has but one connection to the '415 patent:  He represented Genentech in the reexamination proceedings pertaining to the '415 patent. Centocor has argued that, because of Mr. Kushan's involvement in the reexamination, he has knowledge relevant to Centocor's inequitable conduct contentions—but without identifying any particular contentions as to which Mr. Kushan purportedly has non-privileged discoverable knowledge.

This is because Mr. Kushan does not possess any non-privileged information pertaining to any claim or defense in this case. Centocor's inequitable conduct allegations can be found in Count II, labeled "Patent Unenforceability," in its Second Amended Complaint. (Docket No. 106)  There is nothing in that count, or any place else in the Second Amended Complaint, where Centocor alleges any inequitable conduct in the course of the reexamination proceedings—whether by Mr. Kushan or

3

anybody else. Indeed, Mr. Kushan is not identified, either explicitly or implicitly, in any allegation of the Second Amended Complaint. Centocor does not suggest otherwise.

Centocor's only justification for conducting Mr. Kushan's deposition appears to be its oblique reference to supplemental interrogatory responses that it served last week, on April 21—after informing Genentech that it desired to depose Mr. Kushan—that purport to identify additional inequitable conduct allegations found nowhere in the Second Amended Complaint. Centocor has not sought leave to add these inequitable conduct allegations to the case (which is entirely understandable, given that they are makeweight at best and untimely for sure). Courts have held that it is inappropriate to pursue discovery concerning inequitable conduct allegations that are not part of the case. For example, in *Resqnet.Com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578 (RWS), 2004 WL 1627170, at *4-5 (S.D.N.Y. July 21, 2004), the court held that the defendant could not depose plaintiffs' prosecution counsel to seek information in support of an inequitable conduct defense when the defense of inequitable conduct had not been explicitly pled. The court based its ruling, in part, on the fact that "inequitable conduct . . . must be pled with particularity and is subject to the heightened pleading requirements of Fed. R. Civ. Proc. 9(b)." *Id.* at *4.[1] The court also refused to infer an inequitable conduct defense, finding unpersuasive the fact that defendants had "reserved the right to assert additional, unspecified affirmative defenses." *Id.* at *4.

Centocor apparently does not believe it is necessary to comply with the heightened pleading standard for inequitable conduct defenses as a prerequisite to conduct discovery into claims and defenses in the case. But an interrogatory response, especially one supplemented less than ten days before the close of discovery, is not a pleading. Indeed, interrogatory responses ***may not*** be used as a substitute for a proper

---

[1] The heightened pleading standard associated with an inequitable conduct defense has since been reaffirmed by the Court of Appeals for the Federal Circuit. *See generally Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed.Cir.2009).

4

1  inequitable conduct pleading.  *EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261,
2  1263-64 (D. Del. 1996) (holding that plaintiff "may not use its interrogatory responses
3  to fulfill the particularity requirements of Rule 9(b)").

4       This Court should not let Centocor circumvent the applicable rules (including
5  the strict pleading standards associated with an inequitable conduct defense) by
6  simply supplementing interrogatory responses one day after demanding the deposition
7  of a witness who has no knowledge relevant to any claim or defense in the case, but
8  who Centocor now contends might have knowledge concerning the supplemental
9  interrogatory responses.  This tactic is all the more inappropriate given that Centocor
10  has invoked it in the last days of discovery. Accordingly, this Court should issue a
11  protective order forbidding Centocor from conducting the deposition of Mr. Kushan.

### B. Centocor's Subpoena is Unreasonable and Untimely.

13  Centocor correctly points out that it may conduct Mr. Kushan's deposition only
14  by showing good cause to modify the Court's Scheduling Order pursuant to Rule
15  16(b)(4) of the Federal Rules of Civil Procedure.  The parties also agree that it is
16  proper to modify a Scheduling Order only if "it cannot reasonably be met despite the
17  diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*,
18  975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee notes
19  (1983 amendment)).

20  Centocor cannot possibly claim to have acted diligently with respect to the
21  deposition of Mr. Kushan, an attorney representing Genentech whose only knowledge
22  pertains to the reexamination of the '415 patent.  Discovery has been ongoing since
23  December 2008, and Centocor has been aware of the reexamination since it filed its
24  original Complaint on May 30, 2008.  (Docket No. 1 at ¶26) ("The Cabilly II patent is
25  presently under Reexamination (Control No. 90/007,542) at the PTO").  Furthermore,
26  in February 2009, the USPTO issued the NIRC and, shortly thereafter, on May 19,
27  2009, the USPTO issued the *ex parte* reexamination certificate, effectively concluding
28  the reexamination proceedings.  Indeed, Centocor subsequently secured leave to file a

5

Second Amended Complaint to include new allegations concerning the reexamination, but did not do so with respect to its inequitable conduct defense. Thus, despite previously having been granted leave to amend its complaint to include allegations concerning the reexamination, and thereafter having at least nine months of discovery to further develop its inequitable conduct theories, amend its pleadings, and depose Mr. Kushan, Centocor has waited until the final eleven days of discovery to demand eleventh-hour discovery of Genentech's reexamination counsel—not with regard to any claim or defense in the case, but with regard to a supplemental interrogatory response served at about the same time as the subpoena to Mr. Kushan.

In addition, this Court should forbid Centocor from deposing Mr. Kushan because Centocor's subpoena to him—a third party—is entirely unreasonable. Under Rule 30(b)(1) of the Federal Rules of Civil Procedure, "A party who wants to depose a person by oral questions must give ***reasonable*** written notice to every other party." Fed. R. Civ. P. 30(b)(1) (2010) (*emphasis added*). "What constitutes reasonable notice depends on the circumstances of each case." *Gamboa v. King County*, No. C06-1034RSM, 2008 WL 509324, at *1 (W.D. Wash. Feb. 22, 2008). It is hardly reasonable, even under the best of circumstances, to expect a busy attorney to be available on ten days' notice to be deposed about events transpiring over the multi-year period of the Cabilly reexamination. As this Court is well aware, the reexamination file is voluminous. To expect Mr. Kushan to be prepared to testify about details of the reexamination on ten days' notice, particularly given his hectic litigation schedule, is simply unreasonable.

Centocor had ample time to conduct Mr. Kushan's deposition much earlier in the case. The reexamination was known to Centocor for years. Mr. Kushan's role in the reexamination was known to Centocor for years. There is simply no justification for Centocor's lack of diligence in pursuing this discovery.

## III. CONCLUSION

For the reasons discussed above, Genentech and City of Hope request that this Court grant Genentech's Ex Parte Application for a Protective Order to prohibit the deposition of Mr. Jeffery Kushan by Centocor and deny Centocor's Ex Parte Application for Leave to Take Deposition.

Dated: April 28, 2010

By: /s/ Marcus E. Sernel
Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654

Daralyn J. Durie
Mark Lemley
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111

*Attorneys for Genentech, Inc.*

By: /s/ David I. Gindler
David I. Gindler
Joseph M. Lipner
IRELL & MANELLA, LLP
1800 Avenue of the Stars
Los Angeles, CA 90067

*Attorneys for City of Hope*