1  Bruce G. Chapman (State Bar No. 164258)
   bchapman@cblh.com
2  Keith D. Fraser (State Bar No. 216279)
   kfraser@cblh.com
3  CONNOLLY BOVE LODGE & HUTZ LLP
   333 S. Grand Avenue, Suite 2300
4  Los Angeles, CA 90071
   Telephone:  (213) 787-2500; Facsimile:  (213) 687-0498
5
6  Dianne B. Elderkin (admitted *pro hac vice*)
   delderkin@akingump.com
   Barbara L. Mullin (admitted *pro hac vice*)
7  bmullin@akingump.com
   Steven D. Maslowski (admitted *pro hac vice*)
8  smaslowski@akingump.com
   Angela Verrecchio (admitted *pro hac vice*)
9  averrecchio@akingump.com
   Matthew A. Pearson (admitted *pro hac vice*)
10 mpearson@akingump.com
   Rubén H. Muñoz (admitted *pro hac vice*)
11 rmunoz@akingump.com
   AKIN GUMP STRAUSS HAUER & FELD LLP
12 Two Commerce Square, Suite 4100
   2001 Market Street
13 Philadelphia, Pennsylvania 19103-7013
   Telephone:  (215) 965-1200; Facsimile:  (215) 965-1210
14
15 Attorneys for Plaintiff and Counter-Defendant CENTOCOR ORTHO BIOTECH,
   INC. and Third-Party Defendants GLOBAL PHARMACEUTICAL SUPPLY
16 GROUP, LLC, CENTOCOR BIOLOGICS, LLC and JOM PHARMACEUTICAL
   SERVICES, INC.

17             IN THE UNITED STATES DISTRICT COURT

18       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

19 CENTOCOR ORTHO BIOTECH,            )  Case No. CV 08-03573 MRP (JEMx)
20 INC.,                             )
                                     )  **PLAINTIFF'S OPPOSITION TO**
21             Plaintiff,            )  **DEFENDANTS' *EX PARTE***
                                     )  **APPLICATION FOR A**
22       v.                         )  **PROTECTIVE ORDER**
                                     )
23 GENENTECH, INC. and CITY OF       )  Date:       TBA
   HOPE,                             )  Time:       TBA
24                                   )  Place:      Hon. Marianna R. Pfaelzer
             Defendants.             )              Courtroom 12
25 ─────────────────────────────────)
   AND RELATED COUNTER AND           )
26 THIRD-PARTY ACTIONS.              )
   ─────────────────────────────────
27
28

Plaintiff Centocor Ortho Biotech, Inc. ("Centocor") hereby files its opposition to Defendants Genentech, Inc.'s and City of Hope's (collectively, "Genentech") ex parte application for a protective order to prohibit the deposition of third party Jeffrey Kushan.  By filing its ex parte application for a protective order, Genentech seeks to improperly preclude Centocor from pursuing discovery intended to uncover facts relevant to Centocor's defenses, including in support of Centocor's well-pled inequitable conduct claims.  As explained more fully below, Genentech positions are without merit and a protective order is not warranted.

I.      **BACKGROUND**

Jeffrey P. Kushan is a partner in the D.C. office of Sidley Austin LLP and is the attorney who prosecuted the reexamination of the Cabilly II Patent which is the subject of this lawsuit.

On April 19, well before the April 30 fact discovery deadline, Centocor served on Genetech's counsel a Notice of Deposition of Mr. Kushan (Exhs. A and B).  On April 20, Genentech informed Centocor that it would accept service of a subpoena for Mr. Kushan, but complained that such a subpoena was allegedly untimely and that Genentech would not cooperate in producing Mr. Kushan for deposition (Exh. C).  On April 21, Centocor served a subpoena for deposition of Mr. Kushan, issued out of the district court for the District of Columbia, since Mr. Kushan resides in Washington D.C., on counsel for Genentech who had agreed to accept service (Exh. D).  After being unable to resolve the dispute between the parties relating to producing Mr. Kushan for deposition, on April 27, Centocor filed a petition to enforce the subpoena on Mr. Kushan in district court for the District of Columbia (Exh. E), and an ex parte application for leave to take the deposition of Mr. Kushan after the discovery cut off date in this court (D.I. 205).  Genentech's *ex parte* application for a protective order to prohibit the deposition of third party Jeffrey Kushan followed on April 28 (D.I. 207).

1

Centocor initiated the above-captioned litigation by filing a declaratory judgment action seeking a ruling that Genentech's "Cabilly II" Patent is invalid or not enforceable (D.I. 1).  In its initial complaint, Centocor included a claim that the Cabilly II patent was unenforceable due to inequitable conduct (id.). Centocor filed a first amended complaint and a second amended complaint, and in each of its complaints, it included allegations of inequitable conduct (D.I. 35 and 106). Genentech never challenged the sufficiency of any of those pleadings under Federal Rule of Civil Procedure 9(b), even though it had ample opportunity to do so.  Now Genentech seeks to preclude Centocor from taking discovery in support of its inequitable conduct claims, arguing that Centocor has not met the heightened pleading standard for inequitable conduct.  That argument is without merit.

## II.   <u>ARGUMENT</u>

This is not a case where Centocor is trying to cure a deficiently pled inequitable conduct claim. Genentech has never alleged that the inequitable conduct claims in Centocor's complaint have not been explicitly pled. The cases that Genentech rely on in its *ex parte* application to support precluding discovery of inequitable conduct claims, *Resqnet.com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578 (RWS), 2004 WL 1627170 (S.D.N.Y. July 21, 2004) and *EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261 (D. Del. 1996), are inapposite because in those cases, inequitable conduct was inadequately pled to begin with, and thus the defendants were precluded from taking discovery on a defense that was not clearly articulated.

Instead, here Genentech seems to argue that Centocor should be precluded from discovering facts that support Centocor's sufficiently pled inequitable conduct charges.  But once a party articulates its claims or defenses in its complaint, the party must be entitled to conduct discovery to uncover facts those support that claims or defenses. If not, there would be little reason to conduct discovery at all.  Thus, once Centocor alleged that Genentech had committed fraud in obtaining the Cabilly II

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
*EX PARTE* APPLICATION FOR PROTECTIVE ORDER
LAX 30695_1

patent, Centocor is permitted to conduct discovery in an attempt to uncover facts that support its defense.

This is precisely what Centocor is attempting to do through the deposition of Mr. Kushan.  Mr. Kushan served as outside counsel for Genentech during reexamination proceedings that challenged the validity of the Cabilly II patent.  Mr. Kushan, along with Genentech's in-house patent agent Wendy Lee, conducted numerous in-person interviews during the course of the reexamination with the PTO examiners.  For approximately three years, the PTO repeatedly rejected the claims of the Cabilly II patent.  Then, in February 2009, three days after Mr. Kushan and Ms. Lee conducted their sixth in-person interview with the examiners,  the PTO did an about face and issued a notice of intent to issue a reexamination certificate, confirming the patentability of the Cabilly II claims (Exh. F).  There is insufficient information from the reexamination record to understand the reasoning for this change in position by the PTO.  Centocor is entitled to discover what transpired between the Genentech representatives and the PTO at this February 2009 interview (as well as at all the other interviews).  None of the communications between Mr. Kushan and Ms. Lee and the PTO are privileged, and Centocor has a right to inquire about what Mr. Kushan and Ms. Lee told the PTO about the Cabilly II patent claims and the prior art.[1]

Genentech complains that since Centocor's inequitable conduct allegations in its Second Amended Complaint do not explicitly name Mr. Kushan, then Centocor is somehow prohibited from taking his deposition.  The fact that Mr. Kushan is not identified in Centocor's complaint does not prevent Centocor from discovering

_____

[1] After noticing Ms. Lee for deposition in January 2010, Genentech finally produced her for deposition on April 27.  Ms. Lee could not recall any facts about any of the interviews conducted during the course of the reexamination beyond those that are reflected in the PTO-generated interview summaries.  Thus, Mr. Kushan's deposition is particularly relevant here since he is only other Genentech representative that attended all of the interviews and the only witness from which the information may be obtained.

3

information from him.  Nor is Centocor required to amend its pleadings every time it discovers new facts that support a claim or defense that has been clearly articulated in its complaint.  If it were, that would lead to the absurd result that a party would be compelled to amend its pleading perhaps hundreds of times during the course of discovery as it discovered new facts.

## III.   CONCLUSION

For the foregoing reasons, it is requested that this Court deny Genentech's application for a protective order and order Genentech to produce Mr. Kushan for deposition on April 30, 2010.

DATED: April 29, 2010                Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By:_____/s/ Dianne B. Elderkin_____
                    Dianne B. Elderkin

and

CONNOLLY BOVE LODGE & HUTZ LLP

By:_____/s/ Bruce G. Chapman_____
                    Bruce G. Chapman

Attorneys for Plaintiff and Counter-Defendant Centocor Ortho Biotech, Inc. and Third-Party Defendants Global Pharmaceutical Supply Group, LLC, Centocor Biologics, LLC and JOM Pharmaceutical Services, Inc.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
*EX PARTE* APPLICATION FOR PROTECTIVE ORDER
LAX 30695_1

CERTIFICATE OF SERVICE

I, Dori Dellisanti, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. My business address is Connolly Bove Lodge & Hutz LLP, 333 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On April 29, 2010, I served the foregoing documents described as: **PLAINTIFF'S OPPOSITION TO DEFENDANTS'** *EX PARTE* **APPLICATION FOR A PROTECTIVE ORDER** on the following person(s) in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

| | |
|---|---|
| David I Gindler<br>Joseph M Lipner<br>Irell and Manella<br>1800 Avenue of the Stars<br>Suite 900<br>Los Angeles, CA 90067-4276 | Attorneys for Defendant and Counterclaimant City of Hope Medical Center<br><br>Tel: 310-277-1010<br>Fax: 310-203-7199<br>Email: jlipner@irell.com;<br>dgindler@irell.com<br>Coh.centocor.team@irell.com |
| Mark A. Pals<br>Marcus E Sernel<br>Matthew Shiels<br>Kirkland and Ellis LLP<br>300 North LaSalle Street<br>Chicago, IL 60654 | Attorneys for Defendant and Counterclaimant Genentech, Inc.<br>Tel: 312-861-2000<br>Fax: 312-861-2200<br>Email: mpals@kirkland.com<br>msernel@kirkland.com<br>mshiels@kirkland.com |
| Daralyn J. Durie<br>Ryan Kent<br>Durie Tangri Lemley Roberts & Kent LLP<br>332 Pine Street, Suite 200<br>San Francisco, CA 94104 | Attorneys for Defendant and Counterclaimant Genentech, Inc.<br>Tel: 415-362-6666<br>Email: ddurie@durietangri.com<br>rkent@durietangri.com |

[ ] **BY MAIL**  I am readily familiar with the firm's practice regarding collection and processing of correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY PERSONAL SERVICE**:  I caused such envelope to be delivered by hand to the addressee(s) as stated above.

[ ] **FEDERAL EXPRESS**:  I am readily familiar with the office practice of Connolly Bove Lodge & Hutz LLP for collecting and processing correspondence for overnight delivery by Federal Express. Such practice is that when correspondence for overnight delivery by Federal Express is deposited with the Connolly Bove Lodge & Hutz LLP personnel responsible fore delivering correspondence to Federal Express, such correspondence is delivered to a Federal Express location or to an authorized courier or driver authorized by Federal Express to receive documents or deposited at a facility regularly maintained by

5

Federal Express for receipt of documents on the same day in the ordinary course of business.

**[X]  BY E-MAIL:**  (1) I caused copies of the above documents to be emailed to the interested parties based on the email addresses indicated herein, and/or (2) based on General Order 08-02, the attached document(s) was sent to the person(s) at the e-mail addres(es) indicated above through the Court's Electronic Filing System (ECF).

**[X] FEDERAL**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on April 29, 2010 at Los Angeles, California.

_____Dori Dellisanti_____            _____/s/ Dori Dellisanti_____
Name                                      Signature

6

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
*EX PARTE* APPLICATION FOR PROTECTIVE ORDER
LAX 30695_1