# EXHIBIT D

| | |
|---|---|
| **From:** | Verrecchio, Angela |
| **Sent:** | Wednesday, April 21, 2010 11:11 AM |
| **To:** | 'Matthew Shiels' |
| **Cc:** | 'Marc Sernel'; 'dgindler@irell.com'; ~Durie, Daralyn; #COH/Centocor Client Distribution [Ext/Int] |
| **Subject:** | RE: Centocor v. Genentech |
| **Attachments:** | 2010-04-21 Subpoena for Jeffrey Kushan.PDF |

Matt,

We are inquiring as to Ms. McGinn's availability and will provide you a date for her deposition as soon as we have it.

Enclosed is a subpoena for deposition for Mr. Kushan.  We don't understand your contention that the subpoena is untimely or inappropriate.  Mr. Kushan is knowledgeable at least about positions Genentech took in the reexamination of the Cabilly II patent and his testimony is relevant to at least Centocor's claims and defenses.  We notified you of our intent to take his deposition on April 19, eleven days before the fact discovery deadline.  We expect that you will be providing Mr. Kushan for deposition, or moving to quash the subpoena.  Please let us know today if you intend to move to quash.

Finally, we still have not received a date from you for a 30(b)(6) witness on the damages-related topics that Mr. Schwartz will not be covering on Friday.  Please provide the name of a witness and a date for his or her deposition today.

Regards,
Angie

---

**From:** Matthew Shiels [mailto:mshiels@kirkland.com]
**Sent:** Tuesday, April 20, 2010 8:53 PM
**To:** Verrecchio, Angela
**Cc:** Pearson, Matthew
**Subject:** Centocor v. Genentech

Dear Angie:

We have reviewed Centocor's supplemental initial disclosures and note that Centocor has added an additional witness, Denise McGinn.  We would like to depose Ms. McGinn in the event Centocor intends to call her to testify at trial or if any of Centocor's experts are expected to rely on any information received from her.  Please advise if either of the above is the case and, if so, please let us know when she can be available for deposition.  Given the current crowded deposition schedule, it would be acceptable to defendants to conduct her deposition during the first week of May.

With respect to Centocor's proposed deposition of Jeff Kushan, we confirm that we are authorized to accept service of a subpoena on his behalf.  Please note, however, that we do not agree that such a subpoena is timely at this late stage of discovery or appropriate under any circumstances.  Accordingly, we do not intend to produce him for deposition.  If you believe that Centocor's subpoena to Mr. Kushan is both timely and appropriate, please explain so that we may consider your position.

Best regards,

Matthew J. Shiels
Kirkland & Ellis LLP
300 North LaSalle | Chicago, IL 60654

Direct (312) 862-3299 | Fax (312) 862-2200
matthew.shiels@kirkland.com

```
*************************************************************
```
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
```
*************************************************************
```

2

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| Centocor Ortho Biotech, Inc. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   CV 08-03573 MRP (CTx) |
| Genentech, Inc. and City of Hope | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Central District of California  ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Jeffrey P. Kushan
c/o Sidley Austin, `1501 K Street, N.W., Washington, D.C. 20005

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Akin Gump Strauss Hauer & Feld<br>1333 New Hampshire Ave, N.W.<br>Washington, D.C. 20036 | Date and Time:<br><br>04/30/2010 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic and audiovisual means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   04/21/2010

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

CLERK OF COURT

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Centocor Ortho Biotech
, who issues or requests this subpoena, are:

Angela Verrecchio, Akin Gump Strauss Hauer & Feld LLP
Two Commerce Square, 2001 Market St., Suite 4100 Philadelphia, PA 19013
averrecchio@akingump.com; (215)965-1200

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  CV 08-03573 MRP (CTx)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Jeffrey P. Kushan
was received by me on *(date)*                        .

☑ I served the subpoena by delivering a copy to the named individual as follows:  Sent via email to Matthew Shiels and Marc Sernel of Kirland & Ellis LLP (mshiels@kirkland.com; msernel@kirkland.com), who agreed to accept service on Mr. Kushan's behalf                        on *(date)*   04/21/2010    ; or

☐ I returned the subpoena unexecuted because:                        

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$                        .

My fees are $                for travel and $                for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:    04/21/2010

*Server's signature*

Angela Verrecchio
*Printed name and title*

Akin Gump Strauss Hauer & Feld LLP
Two Commerce Square, Suite 4100
2001 Market St.
Philadelphia, PA 19103
*Server's address*

Additional information regarding attempted service, etc:

Case 2:08-cv-03573-MRP -JEM   Document 210-4    Filed 04/29/10   Page 6 of 6

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).