Bruce G. Chapman (State Bar No. 164258)
bchapman@cblh.com
Keith D. Fraser (State Bar No. 216279)
kfraser@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
333 S. Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 787-2500; Facsimile: (213) 687-0498

Dianne B. Elderkin (admitted *pro hac vice*)
delderkin@akingump.com
Barbara L. Mullin (admitted *pro hac vice*)
bmullin@akingump.com
Steven D. Maslowski (admitted *pro hac vice*)
smaslowski@akingump.com
Angela Verrecchio (admitted *pro hac vice*)
averrecchio@akingump.com
Matthew A. Pearson (admitted *pro hac vice*)
mpearson@akingump.com
Rubén H. Muñoz (admitted *pro hac vice*)
rmunoz@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square, Suite 4100
2001 Market Street
Philadelphia, Pennsylvania 19103-7013
Telephone: (215) 965-1200; Facsimile: (215) 965-1210

Attorneys for Plaintiff and Counter-Defendant CENTOCOR ORTHO BIOTECH, INC. and Third-Party Defendants GLOBAL PHARMACEUTICAL SUPPLY GROUP, LLC, CENTOCOR BIOLOGICS, LLC and JOM PHARMACEUTICAL SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CENTOCOR ORTHO BIOTECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> GENENTECH, INC. and CITY OF HOPE, <br><br> Defendants. <br><br> AND RELATED COUNTER AND THIRD-PARTY ACTIONS. | Case No. CV 08-03573 MRP (JEMx) <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR LEAVE TO TAKE DEPOSITION OF WITNESS JEFFREY KUSHAN AFTER THE DISCOVERY CUT-OFF DATE** <br><br> Date: TBA <br> Time: TBA <br> Place: Hon. Marianna R. Pfaelzer Courtroom 12 |

Defendants opposition to Centocor's Application For Leave to Take Discovery From Jeffery Kushan After The Discovery Cut-Off is premised on the unfounded assumptions that: (1) every factual contention supporting a well-pled claim must be alleged in a pleading; and (2) discovery from Jeffery Kushan is relevant only to Centocor's inequitable conduct claims.

First, Centocor's inequitable conduct claim is indisputably in this case. Defendants have not made either a motion on the pleadings or for summary judgment that would remove the issue from this case. Centocor is, accordingly, and consistent with the Federal Rules of Civil Procedure, entitled to take discovery that might lead to new factual support and allegations concerning its inequitable conduct claim. Centocor is not required to amend its pleadings every time it uncovers or seeks to discover new facts supporting a claim or defense in this case. To require that would be absurd.

The purpose of Rule 9(b) is not to thwart discovery on issues in the case, but to prevent a party from engaging in a fishing expedition in an attempt to support a "boilerplate allegation," as Genentech asserts in its opposition. That purpose is entirely satisfied under the circumstances here. There has never been a challenge to the sufficiency of Centocor's inequitable conduct pleading, so that issue is in the case. And the deposition of one witness can hardly be considered a fishing expedition, particularly when Centocor pointed out in an interrogatory response the witness' relevance to at least Centocor's inequitable conduct claim.

Second, and a point that Defendants do not address at all, is the fact that Mr. Kushan's deposition is also highly relevant to Centocor's invalidity defense. There is no Rule 9 pleading requirement for this defense, and Defendants cannot credibly deny Mr. Kushan's relevance to this topic. For example, the particular substance of the conversation that Mr. Kushan had with the patent examiner that caused three years of prosecution to do an about-face is absolutely relevant to the Cabilly II patent's validity. Indeed, Mr. Kushan's deposition is particularly necessary on this

1

topic, as it was only recently that Defendants produced the only other witness that might be able to testify about this subject matter and she said she that had no memory of the particulars.

There is not even any feigned excuse for Defendants to refuse Mr. Kushan's deposition on this basis. Both parties requested a number of depositions in the last few weeks of discovery, for Defendants to suggest that Centocor was somehow late in its request for this particular deposition is disingenuous.

Centocor's application for leave to take Mr. Kushan's deposition after the discovery cut-off should, accordingly, be granted.

DATED: April 30, 2010                     Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By:  /s/ Dianne B. Elderkin
         Dianne B. Elderkin

and

CONNOLLY BOVE LODGE & HUTZ LLP

By:  /s/ Bruce G. Chapman
         Bruce G. Chapman

Attorneys for Plaintiff and Counter-Defendant Centocor Ortho Biotech, Inc. and Third-Party Defendants Global Pharmaceutical Supply Group, LLC, Centocor Biologics, LLC and JOM Pharmaceutical Services, Inc.