Bruce G. Chapman (State Bar No. 164258)
bchapman@cblh.com
Keith D. Fraser (State Bar No. 216279)
kfraser@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
333 S. Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 787-2500; Facsimile: (213) 687-0498

Dianne B. Elderkin (admitted *pro hac vice*)
delderkin@akingump.com
Barbara L. Mullin (admitted *pro hac vice*)
bmullin@akingump.com
Steven D. Maslowski (admitted *pro hac vice*)
smaslowski@akingump.com
Angela Verrecchio (admitted *pro hac vice*)
averrecchio@akingump.com
Matthew A. Pearson (admitted *pro hac vice*)
mpearson@akingump.com
Rubén H. Muñoz (admitted *pro hac vice*)
rmunoz@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square, Suite 4100
2001 Market Street
Philadelphia, Pennsylvania 19103-7013
Telephone: (215) 965-1200; Facsimile: (215) 965-1210

Attorneys for Plaintiff and Counter-Defendant CENTOCOR ORTHO BIOTECH, INC. and Third-Party Defendants GLOBAL PHARMACEUTICAL SUPPLY GROUP, LLC, CENTOCOR BIOLOGICS, LLC and JOM PHARMACEUTICAL SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CENTOCOR ORTHO BIOTECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> GENENTECH, INC. and CITY OF HOPE, <br><br> Defendants. <br><br> AND RELATED COUNTER AND THIRD-PARTY ACTIONS. | Case No. CV 08-03573 MRP (JEMx) <br><br> **PLAINTIFF'S *EX PARTE* APPLICATION TO COMPEL DISCLOSURE OF INAPPROPRIATELY WITHHELD INFORMATION** <br><br> Date: TBA <br> Time: TBA <br> Place: Hon. Mariana Pfaezler, Courtroom 12 |

## I. *EX PARTE* APPLICATION

Pursuant to Local Rule 7-19, Plaintiff Centocor Ortho Biotech, Inc. ("Centocor") hereby applies *ex parte* to the Court to compel disclosure of information inappropriately withheld by Defendants. This *ex parte* application is being filed because fact discovery in this case closes today, April 30, 2010, and Centocor is unable to bring a noticed motion prior to the Discovery cut-off. On April 30, 2010, Keith D. Fraser, counsel for Centocor, contacted Matthew Shiels, counsel for Defendant Genentech and advised him of the substance of this *ex parte* application and of Plaintiff's intent to file it today. Counsel stated Genentech would oppose Plaintiff's *ex parte* application. On April 30, 2010, Keith D. Fraser, counsel for Centocor, contacted David Gindler, counsel for Defendant City of Hope and advised him of the substance of this *ex parte* application and of Plaintiff's intent to file it today. Counsel stated City of Hope would oppose Plaintiff's *ex parte* application. The contact information for Defendants' counsel Genentech, Inc. and City of Hope is as follows:

> Mark A. Pals
> Marcus E. Sernel
> Matthew J. Shiels
> Kirkland & Ellis LLP
> 300 North LaSalle Street
> Chicago, IL 60654
> Tel: 312-861-2000
> Email: mpals@kirkland.com; msernel@kirkland.com; mshiels@kirkland.com
>
> David I Gindler
> Joseph M Lipner
> Irell and Manella
> 1800 Avenue of the Stars, Suite 900
> Los Angeles, CA 90067-4276
> Email: jlipner@irell.com; dgindler@irell.com

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Background

One day before the discovery cut-off, Defendants produced an email that had been improperly withheld. This email was produced in a prior litigation and was also the subject of deposition testimony in that prior litigation. Moreover, the email was

used in this case to refresh the recollection of a witness in preparing for his deposition. But the email was never produced to Centocor before that April 6th deposition. Despite repeated request from Centocor, the email was not produced until April 29th. At the same time that Defendants produced the email, Defendants also admitted that there was at least one related document that has not been produced. But Defendants are telling Centocor that they will only produce the related document under certain conditions. The email and this related document further illuminate the fact that Defendants have failed to provide Centocor with a privilege log, leaving Centocor in a position where it cannot fully identify documents that may have been inappropriately withheld.

Additionally, Centocor recently learned from Defendants filing's in *Glaxo Group Limited and GlaxoSmithKline LLC v. Genentech, Inc. and City of Hope*, CV-10-02764 (MRP (FMOx), that documents that Defendants have refused to produce to Centocor in this case include information "central" and "material" to issues concerning validity of the Cabilly II patent.

### B.  Argument

#### 1.  *Withheld Documents*

The issue with the late produced email first came to light during the deposition of the first-named inventor on the asserted Cabilly II patent, Dr. Cabilly. During Dr. Cabilly's deposition, it became apparent that Defendants' counsel had used a specific document to refresh Dr. Cabilly's recollection about the timing of a certain event when counsel was preparing Dr. Cabilly for his deposition. *See* Exhibit A, Cabilly Depo at 63:4-16 and 65:14-24. The specific document used to refresh Dr. Cabilly's recollection, an email, was never produced to Centocor before the deposition.

During the deposition, and despite Dr. Cabilly's admission that the document had refreshed his recollection on the subject matter of his testimony, Defendants' asserted privilege as to the content of the email and instructed the witness not to answer questions beyond giving the kind of non-substantive information that would

normally be found on a privilege log. *See* Exhibit A, Cabilly Depo at 63:17-64:5 and 65:25-67:9. That instruction, and the Defendants' failure to produce the subject document, were improper.

First, to the extent any attorney-client privilege claim may have been proper such that the email could have been withheld from production prior to Dr. Cabilly's deposition, that claim was waived when Dr. Cabilly admitted that the document had refreshed his recollection concerning matters of his deposition testimony. *See e.g.* Fed. R. Evid. 612; ; *Leybold-Heraeus Tech., Inc. v. Karl O. Helm A.G.*, 118 F.R.D. 609, 614-615 (E.D. Wis. 1987). Moreover, this email was produced by Defendants at least in the *MedImmune* litigation and Dr. Cabilly was previously permitted to give unfettered testimony about its contents. *See* Exhibit A, Cabilly Depo at 67:18-69:9. Accordingly, and even ignoring the fact that the email was used to refresh Dr. Cabilly's recollection in preparation for his deposition, it was improper for Defendants to assert any attorney-client privilege claim in this case.

After Dr. Cabilly's deposition, when Centocor pressed Defendants about this subject, Defendants seemed to do an about-face on the privilege claim. Although Defendants had asserted privilege during the deposition, they subsequently advised Centocor that the contents of the email are not privileged. *See* Exhibit B, April 13, 2010 letter from Pearson to Gindler and Exhibit C, April 20, 2010 letter from Lipner to Pearson. Centocor then followed up on its request for production of the email and related documents on three occasions. See Exhibit D, Pearson letters to Lipner of April 21, 23 and 28, 2010. Defendants responded once, asking Centocor to specifically identify by page and line number in the deposition where the instruction not to answer had been given. See Exhibit E*,* Lipner letter to Pearson of April 22, 2010, and then finally produced the email on April 29, 2010. See Exhibit F, Lipner

3

PLAINTIFF'S *EX PARTE* APPLIC. TO COMPEL DISCLOSURE
OF INAPPROPRIATELY WITHHELD INFORMATION
LAX30692_2

letter to Pearson of April 29, 2010, attaching email dated December 13, 1999 from Schmuel Cabilly to Gordon Goldsmith (the "December 13th 1999 Email").[1]

At the same time that Defendants produced this email, they indicated that there is at least one other document that is related to the same subject matter but has not been produced. Defendants now want to condition the production of this document on an agreement by Centocor that its production will not act as a privilege waiver (*id.* at ¶4). Under these circumstances, Centocor cannot agree to this condition. Particularly when, as set forth below, Defendants have refused to produce any privilege log in this case. Accordingly, Centocor request that the Court require Defendants to produce all documents relating to the email produced on the eve of the close of discovery. Likewise, a privilege log of withheld documents is essential so that Centocor can reasonably assess whether any documents on the same subject matter as the email described above have been improperly withheld from production. See Exhibit D, letters from Pearson to Lipner of April 21 and 28, 2010. Centocor requests that Defendants be required to provide a log of all documents withheld as privileged.

### 2. *Documents from the Prior Chiron Litigation*

Contocor requested production of all expert reports, deposition transcripts and exhibits from the prior *Chiron v. Genentech* litigation, but defendants represented they were mostly irrelevant and produced only a few selected depositions and expert reports. Now, Defendants have indicated to this Court in *Glaxo v. Genentech, Inc.*

---

[1] Incredibly, in their April 29th letter, Defendants chastise Centocor for not requesting a copy of this specific document before Dr. Cabilly's deposition, suggesting that Defendants are under the misimpression that they are not obligated to respond fully to Centocor's discovery requests unless Centocor can glean from prior testimony that relevant documents are missing and identify those documents specifically.

*and City of Hope* that at least some of the documents that they have refused to produce to Centocor include information "central" and "material" to issues concerning validity of the Cabilly II patent.

Specifically, in December 2009, Centocor wrote a letter to Defendants noting that the deposition transcripts, expert reports and other materials from the *Chiron v. Genentech* litigation had been requested by Centocor but not produced by Defendants in this case. Exhibit G, Goranin letter to Sernel of Dec. 1, 2009 at page 2. In response, Defendants said that most of the materials from the *Chiron* case were "irrelevant to this case," but agreed to produce a certain subset of relevant materials. Exhibit H, Sernel letter to Goranin of Dec. 10, 2009. It appears now that Defendants failed to produce such relevant documents.

Although Centocor is not privy to all the proceedings in the co-pending case captioned *Glaxo v. Genentech, Inc. and City of Hope*, Centocor became aware that Defendants filed a motion to disqualify Glaxo's counsel on April 27, 2010. See Exhibit I. In that motion, Defendants relied heavily upon a Howrey attorney's interactions in the *Chiron* case with Mark Sliwkowski, a Genentech employee, as a basis for arguing that the entire Howrey firm should be disqualified now. To support their argument, Genentech represented generally that Dr. Sliwkowski has information "central" to the Cabilly II patent (*Id.* at page 2), and specifically related to Herceptin. Dr. Sliwkoski was the Herceptin product manager, and Defendants argue that Herceptin development was material to Genentech's defenses in *Chiron* and is material to its defense of [the] Cabilly II" patent. *Id.* at page 9.

Notably, Defendants did not produce to Centocor any expert report submitted by Dr. Sliwkowski in the *Chiron* case, although they represented to the Court that they had produced all relevant expert reports. *Id.* at page 1. Centocor pointed out this discrepancy in an email on April 29, the day before Dr. Sliwkowski's deposition and the close of discovery. See Exhibit J, Maslowski letter to Durie of April 29, 2010. At 7:14 p.m. that evening, Defendants produced Dr. Sliwkowski's expert

5

report from the *Chiron* case.  Exhibit K, Kapplin email of April 29, 2010.  No explanation was given for the failure to produce this report in December 2009.  Remarkably, the entire Sliwkowski expert report is directed to the subject of Herceptin – the very subject that Defendants represented to this Court in the *Glaxo* motion to be "central" to the Cabilly II patent and "material to Genentech's . . . defense of [the] Cabilly II" patent.  Defendants still have not produced Dr. Sliwkowski's deposition transcript from the *Chiron* litigation.

Defendants' failure to produce relevant materials is not limited to Dr. Sliwkowski.  In its *Glaxo* motion, Defendants also suggest that Wendy Lee, Sean Johnston, Axel Ullrich and Gerald Bjorge all presented testimony and possibly expert reports in the *Chiron* case that are material to issues raised here concerning validity of the Cabilly II patent.  None of these have been produced to Centocor, and Centocor has already deposed Wendy Lee and Sean Johnston without the benefit of these improperly withheld documents.  Centocor requests that Defendants be compelled to produce all expert reports, deposition transcripts and exhibits from the prior *Chiron v. Genentech* litigation.  To the extent these contain confidential Chiron information, Defendants should be put to the burden of redacting that.  Although other accommodations may have been reached if it was earlier in the litigation, under the present circumstances, Defendants are not in any position to complain about the burden of redacting.

### *3.     Possible Additional Discovery*

Although Centocor hopes that it is not necessary to take any additional discovery on the matters described above, Centocor should not be prejudiced by Defendants' failure to produce documents and a privilege log before the close of discovery.  Since Centocor has no way to know the extent, or content, of all documents that have improperly been withheld from production, it is seeking leave from the Court to take follow-up discovery, if necessary, after the discovery deadline (set for April 30, 2010).

## III. CONCLUSION

It is requested that Defendants be required to produce all documents related to the December 13th 1999 Email produced on April 29, 2010, provide a log of all documents withheld as privileged and produce all expert reports, deposition transcripts and exhibits from the prior *Chiron v. Genentech* litigation. Additionally, Centocor should be allowed to take any necessary follow-up discovery.

DATED: April 30, 2010

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____/s/ Dianne B. Elderkin_____
Dianne B. Elderkin

and

CONNOLLY BOVE LODGE & HUTZ LLP

By: _____/s/ Keith D. Fraser_____
Keith D. Fraser

Attorneys for Plaintiff and Counter-Defendant Centocor Ortho Biotech, Inc. and Third-Party Defendants Global Pharmaceutical Supply Group, LLC, Centocor Biologics, LLC and Jom Pharmaceutical Services, Inc.

# CERTIFICATE OF SERVICE

I, Dori Dellisanti, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause.  My business address is Connolly Bove Lodge & Hutz LLP, 333 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On April 30, 2010, I served the foregoing documents described as: **PLAINTIFF'S *EX PARTE* APPLICATION TO COMPEL DISCLOSURE OF INAPPROPRIATELY WITHHELD INFORMATION** on the following person(s) in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

| | |
|---|---|
| David I Gindler<br>Joseph M Lipner<br>Irell and Manella<br>1800 Avenue of the Stars<br>Suite 900<br>Los Angeles, CA 90067-4276 | Attorneys for Defendant and Counterclaimant City of Hope Medical Center<br>Tel: 310-277-1010<br>Fax: 310-203-7199<br>Email:  jlipner@irell.com;<br>dgindler@irell.com<br>Coh.centocor.team@irell.com |
| Mark A. Pals<br>Marcus E Sernel<br>Matthew Shiels<br>Kirkland and Ellis LLP<br>300 North LaSalle Street<br>Chicago, IL 60654 | Attorneys for Defendant and Counterclaimant Genentech, Inc.<br>Tel: 312-861-2000<br>Fax: 312-861-2200<br>Email:  mpals@kirkland.com<br>msernel@kirkland.com<br>mshiels@kirkland.com |
| Daralyn J. Durie<br>Ryan Kent<br>Durie Tangri Lemley Roberts & Kent LLP<br>332 Pine Street, Suite 200<br>San Francisco, CA 94104 | Attorneys for Defendant and Counterclaimant Genentech, Inc.<br>Tel:  415-362-6666<br>Email:  ddurie@durietangri.com<br>rkent@durietangri.com |

[ ] **BY MAIL**  I am readily familiar with the firm's practice regarding collection and processing of correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY PERSONAL SERVICE**:  I caused such envelope to be delivered by hand to the addressee(s) as stated above.

[ ] **FEDERAL EXPRESS**: I am readily familiar with the office practice of Connolly Bove Lodge & Hutz LLP for collecting and processing correspondence for overnight delivery by Federal Express. Such practice is that when correspondence for overnight delivery by Federal Express is deposited with the Connolly Bove Lodge & Hutz LLP personnel responsible fore delivering correspondence to Federal Express, such correspondence is delivered to a Federal Express location or to an authorized courier or driver authorized by Federal

  Express to receive documents or deposited at a facility regularly maintained by Federal Express for receipt of documents on the same day in the ordinary course of business.

**[X] BY E-MAIL:** (1) I caused copies of the above documents to be emailed to the interested parties based on the email addresses indicated herein, and/or (2) based on General Order 08-02, the attached document(s) was sent to the person(s) at the e-mail addres(es) indicated above through the Court's Electronic Filing System (ECF).

**[X] FEDERAL**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

  I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on April 30, 2010 at Los Angeles, California.

| Dori Dellisanti | /s/ Dori Dellisanti |
|---|---|
| Name | Signature |

9

PLAINTIFF'S *EX PARTE* APPLIC. TO COMPEL DISCLOSURE
OF INAPPROPRIATELY WITHHELD INFORMATION
LAX30692_2