Bruce G. Chapman (State Bar No. 164258)
bchapman@cblh.com
Keith D. Fraser (State Bar No. 216279)
kfraser@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
333 S. Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 787-2500; Facsimile: (213) 687-0498

Dianne B. Elderkin (admitted *pro hac vice*)
delderkin@akingump.com
Barbara L. Mullin (admitted *pro hac vice*)
bmullin@akingump.com
Steven D. Maslowski (admitted *pro hac vice*)
smaslowski@akingump.com
Angela Verrecchio (admitted *pro hac vice*)
averrecchio@akingump.com
Matthew A. Pearson (admitted *pro hac vice*)
mpearson@akingump.com
Rubén H. Muñoz (admitted *pro hac vice*)
rmunoz@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square, Suite 4100
2001 Market Street
Philadelphia, Pennsylvania 19103-7013
Telephone: (215) 965-1200; Facsimile: (215) 965-1210

Attorneys for Plaintiff and Counter-Defendant CENTOCOR ORTHO BIOTECH, INC. and Third-Party Defendants GLOBAL PHARMACEUTICAL SUPPLY GROUP, LLC, CENTOCOR BIOLOGICS, LLC and JOM PHARMACEUTICAL SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CENTOCOR ORTHO BIOTECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> GENENTECH, INC. and CITY OF HOPE, <br><br> Defendants. <br><br> AND RELATED COUNTER AND THIRD-PARTY ACTIONS. | Case No. CV 08-03573 MRP (JEMx) <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION TO COMPEL DISCLOSURE OF INAPPROPRIATELY WITHHELD INFORMATION** <br><br> Date: TBA <br> Time: TBA <br> Place: Hon. Mariana Pfaezler, Courtroom 12 |

Genentech and City of Hope's response to Centocor's *Ex Parte* Application is notable for what it does not say. Genentech and City of Hope do not dispute that they represented to this Court that several witnesses, including Mark Sliwkowsi, have information that is "central" to the Cabilly II patent (Exhibit I to *Ex Parte* Application, at 2). They do not dispute that they represented to this Court that the relevant expert reports had been produced to Centocor in this case (Exhibit I to *Ex Parte* Application, at 1). And they do not dispute that those reports, along with related testimony, were actually withheld from the documents produced to Centocor.

Incredibly, Defendants argue that Centocor somehow should have known that the withheld reports and testimony were central to the Defendant's positions on the Cabilly II patent. To the contrary, Defendants did everything they could to disguise that fact. Centocor asked for these documents specifically in a request for production. Centocor then followed up with another direct request by letter. In response, Defendants told Centocor that most of the documents from the *Chiron* litigation were irrelevant and that all the documents that Defendants considered to be relevant were being produced. Centocor took them at their word. It was only happenstance that Centocor discovered how "central" the withheld documents were to Defendants' positions, based on Defendants' very recent motion to disqualify counsel in another case. Defendants' failure to produce relevant documents is compounded by their failure to identify four of the involved witnesses—Mark Sliwkowski, Sean Johnston, Axel Ullrich, and Gerald Bjorge—in their initial

1

disclosures to Centocor (See attached Exhibits A and B). Considering Defendants' efforts to withhold these relevant witnesses and documents and their representation that any withheld documents were not relevant to this case, the timing of this application is not due to any lack of diligence by Centocor.

Finally, Defendants suggestion that the withheld *Chiron* documents are somehow equivalent to documents from the *Abbott* litigation is unfounded. Unlike Defendants' assertions about the *Chiron* documents, Centocor has never taken the position that documents from the *Abbott* case have anything to do with the Cabilly II patent, much less that they are "central" to the issues here. As Genentech concedes, it has no complaint regarding the *Abbott* documents (Opposition at 10).

Centocor respectfully requests that its *Ex Parte* Application be granted.

DATED: May 6, 2010

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____/s/ Dianne B. Elderkin_____
Dianne B. Elderkin

and

CONNOLLY BOVE LODGE & HUTZ LLP

By: _____/s/ Keith D. Fraser_____
Keith D. Fraser

Attorneys for Plaintiff and Counter-Defendant Centocor Ortho Biotech, Inc. and Third-Party Defendants Global Pharmaceutical Supply Group, LLC, Centocor Biologics, LLC and Jom Pharmaceutical Services, Inc.