# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

```
FARM BUREAU MUTUAL INSURANCE   )
COMPANY,                        )      NO. 4:03-cv-10050-REL-RAW
                                )
          Plaintiff,            )
                                )
    vs.                         )      RULING ON MOTIONS OF
                                )      DP MANN SYNDICATE 435
AMERICAN INTERNATIONAL          )      AT LLOYD'S LONDON and
GROUP, INC., NEW HAMPSHIRE      )      AXA VERSICHERUNG AG TO
INSURANCE COMPANY, AMERICAN     )      INTERVENE AND AMEND
HOME ASSURANCE COMPANY,         )      PROTECTIVE ORDER
NATIONAL UNION FIRE             )
INSURANCE COMPANY OF            )
PITTSBURGH, PENNSYLVANIA, and   )
AMERICAN INTERNATIONAL          )
UNDERWRITER OVERSEAS, LTD.,     )
                                )
          Defendants,           )
                                )
DP MANN SYNDICATE 435 AT        )
LLOYD'S LONDON,                 )
                                )
and                             )
                                )
AXA VERSICHERUNG AG,            )
                                )
          Intervenors.          )
```

        The above motions (#'s 221 & 222) are before the Court following argument and post-argument submissions. AXA and DP Mann move to intervene in order to ask that the Protective Order in this case be amended to permit Farm Bureau to share with them discovery materials subject to the Protective Order, at this point chiefly deposition transcripts and exhibits. AXA and AIG are involved in litigation in the United States District Court for the Southern

District of New York and DP Mann and AIG are engaged in an arbitration proceeding in New York. Both proceedings involve issues identical, or very similar, to those in this case. Both proceedings involve reinsurance facilities participated in by DP Mann and AXA's predecessor, Albingia. Farm Bureau participated in the same reinsurance facilities. Like Farm Bureau, DP Mann and AXA have not paid amounts claimed to be due under the facilities and are resisting payment based on alleged misrepresentations and nondisclosures associated with their participation in the facilities. Thus, this case and the New York litigation and arbitration in which AXA and DP Mann are involved have common issues of law and fact, indeed substantively are very similar.

The Court has been down the intervention road before in this case with intervenor Egypt Re. On September 20, 2004 the Court entered an order on Egypt Re's similar motion to intervene and to amend Protective Order granting the motions in substantial part. Incorporated herein is the discussion in that ruling of the relevant legal principles.

For the same reasons stated in that ruling, permissive intervention to enable AXA and DP Mann to seek modification of the Protective Order is granted. Fed. R. Civ. P. 24(b).

In view of the high degree of overlap in the facts, parties and issues between this suit and the collateral proceedings involving DP Mann and AXA, the intervenors have sufficiently shown

the relevance of the materials they want to obtain from Farm Bureau to the collateral proceedings. See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1132 (9th Cir. 2003). The information is likely to be discoverable in the New York litigation, and while discovery in the arbitration context is more limited (depositions from other than the parties are prohibited), the limitations have to do more with the nature of the proceeding, than relevance. The Court does not believe allowing DP Mann access to depositions already taken in another case subverts the limitations on discovery in the arbitration proceeding. Permitting DP Mann access to depositions in this case merely allows it to obtain information from a third party with a common interest willing to provide it, information which AIG already has.

Relevance to the collateral proceedings having sufficiently been shown, the question becomes "whether modification of [the] protective order can be made without prejudice to the protected party by dissemination of confidential information which could cause harm." (Sept. 20, 2004 Ruling at 4). There is no reason to fear AXA and DP Mann would not abide by the Protective Order if they are subjected to it. Moreover, the risk of harm from the disclosure of information pertaining to the subject reinsurance facilities would seem to be diminished by the passage of time. Rather, AIG argues it would be prejudiced if DP Mann and AXA have access to documents which may not be discoverable in the collateral

3

proceedings.  The Court does not believe the mere disclosure of information by a third party which could not be obtained in discovery directly from AIG is prejudicial to AIG.  If it turns out the information is not relevant presumably it will be given no consideration in the collateral proceedings.  AIG also argues that providing access to protected documents in Farm Bureau's possession would rewrite its agreement with AXA which limited AXA's right of access to records if AXA does not pay what it owes under the facilities.  The Court agrees with AXA that contractual agreements pertaining to access to records are not a limitation on discovery in an action to rescind the underlying contract, and in any event such an agreement has to do with access to records from AIG, not third parties who are willing to provide information.

      Accordingly, the motions to amend the Protective Order are granted.  There appears to be a dispute between AIG and DP Mann about the proposed Amended Protective Order tendered by DP Mann, and the Court is not convinced that DP Mann's most recent version addresses all of AIG's objections.  For the present, Farm Bureau may disclose documents subject to the Protective Order to counsel for AXA and DP Mann.  AXA and DP Mann shall be bound by the Protective Order.  Before disclosure DP Mann and AXA shall execute an agreement in appropriate form agreeing to subject themselves to the jurisdiction of this court to enforce the Protective Order including the imposition of appropriate sanctions for its

violation.  In addition, prior to disclosure Farm Bureau shall provide a list to counsel for AIG of all protected documents it intends to disclose to DP Mann and AXA and at the time of disclosure shall mark each document disclosed in such a fashion that it may later be determined that the document was one of those disclosed by Farm Bureau.  Documents subject to the Protective Order disclosed by Farm Bureau to AXA and DP Mann shall be used by DP Mann and AXA, their employees, agents, representatives, counsel, expert witnesses and others retained by them or in their control solely for the purposes of the collateral proceedings described in the motions, including in the case of DP Mann, any subsequent litigation relating to the facilities now in arbitration.

    Counsel for the parties may wish to confer and present a more definitive agreed amended protective order incorporating these and other provisions, or if unable to agree, additional proposed amended protective orders.

    IT IS SO ORDERED.

    Dated this 30th day of December, 2005.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE

# Exhibit E

| From: | Maslowski, Steven |
|---|---|
| To: | Verrecchio, Angela |
| Subject: | Fw: Centocor v. Genentech |
| Date: | Thursday, June 24, 2010 5:03:31 PM |

Steven D. Maslowski
Akin Gump Strauss Hauer & Feld LLP
Two Commerce Square
2001 Market Street
Suite 4100
Philadelphia, PA  19103-7013
215.965.1200 (main)
215.965.1259 (direct)
215.965.1210 (fax)
smaslowski@akingump.com
www.akingump.com

----- Original Message -----
From: Shira Kapplin <SKapplin@kirkland.com>
To: Maslowski, Steven
Cc: Mark Pals <mpals@kirkland.com>; Marc Sernel <msernel@kirkland.com>
Sent: Fri Jun 18 15:26:21 2010
Subject: RE: Centocor v. Genentech

Steve,

The specific collateral agreement is the "Indemnity and Covenant Not to Sue ('Agreement')."

You should also have received a copy of a letter sent from Genentech to Celltech enclosing all the documents that Genentech seeks to disclose and so you should be able to review them easily.

Regards,

Shira J. Kapplin |KIRKLAND& ELLISLLP
シーラ J. カプリン
300 North LaSalle | Chicago, IL 60654
312.862.3170 PH  | 312.862.2200 FAX
773.396.3426 CELL| 011.81.80.5193.4077 JP CELL

shira.kapplin@kirkland.com <mailto:shira.kapplin@kirkland.com> | www.kirkland.com/skapplin <http://www.kirkland.com/skapplin>


"Maslowski, Steven" <smaslowski@AKINGUMP.com>

06/18/2010 09:14 AM
To
	"'Shira Kapplin'" <SKapplin@kirkland.com>
cc
	"Marc Sernel" <msernel@kirkland.com>, "Mark Pals" <mpals@kirkland.com>
Subject
	RE: Centocor v. Genentech

Shira,

Your papers indicate that Genentech seeks to disclose: (1) the Patent License Agreement between Celltech Therapeutics Limited ("Celltech") and Centocor dated March 31, 1998; (2) the Patent License Agreement between UCB Pharma S.A./UCB Celltech and Centocor dated October 1, 2008 and all collateral agreements between those parties dated on or around October 1, 2008; (3) correspondence between Centocor and Celltech concerning such agreements; and (4) testimony concerning such agreements.

Please specifically identify by Monday exactly what falls within categories 2 (specifically what are "all collateral agreements"), 3, and 4 of the language you are proposing.  If you are unwilling to specifically identify this information for us by Monday, please let us know why.  Thank you.

Best regards,
Steve

Steven D. Maslowski
Akin Gump Strauss Hauer & Feld LLP
Two Commerce Square
2001 Market Street
Suite 4100
Philadelphia, PA  19103-7013
215.965.1200 (main)
215.965.1259 (direct)
215.965.1210 (fax)
smaslowski@akingump.com
www.akingump.com

_____

From: Shira Kapplin [mailto:SKapplin@kirkland.com <mailto:SKapplin@kirkland.com> ]
Sent: Thursday, June 17, 2010 3:40 PM
To: Maslowski, Steven
Cc: Marc Sernel; Mark Pals
Subject: Centocor v. Genentech

Counsel:

Please find attached Genentech's portion of the Joint Motion/Stipulation to amend the Protective Order and accompanying exhibits.

Regards,


Shira J. Kapplin |KIRKLAND& ELLISLLP
シーラ J. カプリン
300 North LaSalle | Chicago, IL 60654
312.862.3170 PH  | 312.862.2200 FAX
773.396.3426 CELL| 011.81.80.5193.4077 JP CELL

shira.kapplin@kirkland.com <mailto:shira.kapplin@kirkland.com> | www.kirkland.com/skapplin <http://www.kirkland.com/skapplin>

***********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for

the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
**************************************************************

_____
IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
**************************************************************

# Exhibit F

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | 2:08-cv-03573-MRP-CT |
| Title | Centocor, Inc. v. Genentech, Inc. et al. |
| Date | August 26, 2009 |

Present: The Honorable  Mariana R. Pfaelzer, Senior U.S. District Judge

Cynthia Salyer
Courtroom Clerk

Court Reporter

Attorneys Present for Plaintiffs:
None.

Attorneys Present for Defendants:
None.

**Proceedings:**  **IN CHAMBERS**

The Court has reviewed Defendants and Counter-Plaintiffs Genentech, Inc. and City of Hope's Ex Parte Application to Compel Documents Allegedly Covered by the Common Interest Privilege and Plaintiff and Counter-Defendant Centocor Ortho Biotech's Opposition.

The Application is GRANTED.

IT IS SO ORDERED.

: 00

Initials of Deputy Clerk