# EXHIBIT 2

EXHIBIT 2 - PAGE 000021



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/007,542 | 05/13/2005 | 6331415 | 10244P0010US | 7585 |

7590      07/07/2005

Wendy M. Lee
Genentech, Inc.
1DNA Way
South San Francisco, CA   94080-4990

| EXAMINER |
|---|
|  |

| ART UNIT | PAPER NUMBER |
|---|---|
|  |  |

DATE MAILED: 07/07/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

EXHIBIT 2 - PAGE 000022

GENE-CEN 003627

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No.  90/007,542 | Patent Under Reexamination  6331415 | |
|---|---|---|---|
| | Examiner  David J. Blanchard | Art Unit  1643 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>13 May 2005</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐  PTO-892,        b)☒  PTO-1449,        c)☐  Other: _____

1. ☒    The request for *ex parte* reexamination is GRANTED.

        RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐    The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181  ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

    a) ☐  by Treasury check or,

    b) ☐  by credit to Deposit Account No. _____,  or

    c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

cc:Requester ( if third party requester )

U.S. Patent and Trademark Office
PTOL-471 (Rev. 04-01)                    Office Action in *Ex Parte* Reexamination                    Part of Paper No. 20050629

GENE-CEN 003628

EXHIBIT 2 - PAGE 000023

Application/Control Number: 90/007,542                                    Page 2
Art Unit: 1643

## DECISION GRANTING EX PARTE REEXAMINATION

A substantial new question of patentability affecting claims 1-36 of United States Patent 6,331,415 to Cabilly et al is raised by the present request for inter partes reexamination.

Extensions of time under 37 CFR 1.136(a) will not be permitted in *inter partes* reexamination proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to the patent owner in a reexamination proceeding. Additionally, 35 U.S.C. 314(c) requires that *inter partes* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.937). Patent owner extensions of time in *inter partes* reexamination proceedings are provided for in 37 CFR 1.956. Extensions of time are not available for third party requester comments, because a comment period of 30 days from service of patent owners response is set by statute. 35 U.S.C. 314(b)(3).

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving U.S. Patent No. 6,331,415 ('415) throughout the course of this reexamination proceeding.  The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding.  See MPEP §§ 2207, 2282 and 2286.

GENE-CEN 003629

EXHIBIT 2 - PAGE 000024

Application/Control Number: 90/007,542                    Page 3
Art Unit: 1643

### *Obviousness-Type Double Patenting*

The request indicates that the third party requestor considers claims 1-36 of the '415 patent are unpatentable under the doctrine of obviousness-type double patenting over claims 1-7 of U.S. Patent 4,816,567 ('567).

A.    The request indicates that the third party requester considers claims 1, 13, 21 and 33 of the '415 patent as unpatentable under the judicially created doctrine of obviousness-type double patenting over claim 1 of the '567 patent.

It is agreed that the consideration of the '567 patent raises a substantial new question of patentability as to claims 1, 13, 21 and 33 of the '415 patent. As pointed out on pages 40-42 of the request, the '567 and '415 patents include claims directed to the same statutory subject matter: recombinant processes, vectors, and host cells for making immunoglobulins (particularly chimeric immunoglobulins). As pointed out on page 41, claim 1 of the '567 patent is narrower than claims 1, 21 and 33 of the '415 patent because '567 claim 1 is directed to "chimeric" immunoglobulin chains, whereas the immunoglobulin molecules and immunologically functional fragments of claims 1, 21 and 33 of the '415 patent, while reading on the chimeric immunoglobulin chains of the '567 claim, need not be chimeric. The '567 patent essentially claims a species of the immunoglobulin genus claimed in the later '415 patent, which makes '415 patent claims 1, 21 and 33 obvious variants of the '567 patent claim 1. As pointed out on page 40, a second application containing a broader claim, more generic in character that the specific claim in the prior patent, typically cannot support a valid, independent patent.

GENE-CEN 003630

EXHIBIT 2 - PAGE 000025

Application/Control Number: 90/007,542                                      Page 4
Art Unit: 1643

(i.e., species anticipates the genus). As pointed out on page 41, the same applies for

the vector (claims 5) and host cell (claim 7) claims of the '567 patent and the

corresponding claims 15 and 16 (vector) and 17, 18 and 20 (host cell) of the '415

patent.   As pointed out on page 41, claim 1 of the '567 patent recites a chimeric

immunoglobulin species of the sub-genus defined by claim 13 of the '415 patent. As

pointed out on page 42, claims 2, 4, and 6 of the '567 patent are directed to a human

constant region of the chimeric immunoglobulin, which is another example of example

of a species within the genus claimed in the '415 patent.

It is agreed that there is a substantial likelihood that a reasonable examiner

would consider the claims of the '567 patent important in deciding whether or not the

claims are patentable. Accordingly, the claims of the '567 patent raises a substantial

new question of patentability as to claims 1, 13, 21 and 33, which question has not been

decided in a previous examination of the '415 patent.


B.     The request indicates that dependent claims 2, 3 and 25 are obvious over claim

1 of the '567 patent in view of Axel (U.S. Patent No. 4,399,216, Ids filed 5/13/2005)

because claim 1 of the '567 patent reads on the process involving each of different

vectors and Axel teaches transformed mammalian cells that produce multiple

heterologous proteins on different vectors or on the same vector as indicated on page

46 of the request.

It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claim 1 of the '567 patent in view of Axel important in deciding whether

EXHIBIT 2 - PAGE 000026

GENE-CEN 003631

Application/Control Number: 90/007,542                                   Page 5
Art Unit: 1643

or not the claims are patentable.  Accordingly, the claim1 of the '567 patent in view of

Axel raises a substantial new question of patentability as to claims 2, 3and 25, which

question has not been decided in a previous examination of the '415 patent.


C.     The request indicates that claims 4-5 are obvious over claim 1 of the '567 patent

in view of Axel or Kaplan (EP 0 044 722, Ids filed 5/13/2005) as indicated on page 46 of

the request which states that a plasmid, particularly pBR322 is a type of vector within

the scope of claim 1 of the '567 patent and Axel and Kaplan both teach the use of

plasmids, particularly pBR322 for expressing heterologous proteins.

       It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claim 1 of the '567 patent in view of Axel and Kaplan important in

deciding whether or not the claims are patentable.  Accordingly, claim 1 of the '567

patent in view of Axel and Kaplan raises a substantial new question of patentability as to

claims 4-5, which question has not been decided in a previous examination of the '415

patent.


D.     The request indicates that claims 6-8, 19 and 26 are obvious over claim 1 of the

'567 patent in view of Axel, Rice (Proc. Natl. Acad. Sci. USA 79:7862-7865, December

1982, Ids filed 5/13/2005) and/or Kaplan as indicated on pages 46-47 of the request

which states Axel teaches mammalian host cells fro expressing proteins, including

antibodies and Rice demonstrates expression of a recombinant light chain in a

GENE-CEN 003632

EXHIBIT 2 - PAGE 000027

Application/Control Number: 90/007,542                                    Page 6
Art Unit: 1643

mammalian host cell and Kaplan teaches bacterial and yeast host cells for expressing

recombinant immunoglobulin chains.

It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claim 1 of the '567 patent in view of Axel, Rice and/or Kaplan important

in deciding whether or not the claims are patentable. Accordingly, claim 1 of the '567

patent in view of Axel, Rice and/or Kaplan raises a substantial new question of

patentability as to claims 6-8, 19 and 26 which question has not been decided in a

previous examination of the '415 patent.


E.      The request indicates that claims 9 and 29 are obvious over claim 1 of the '567

patent in view of Axel and/or Rice as indicated on page 47 of the request which states

Axel teaches mammalian host cells fro expressing proteins, including antibodies and

Rice demonstrates expression of a recombinant light chain in a mammalian host cell.

It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claim 1 of the '567 patent in view of Axel and/or Rice important in

deciding whether or not the claims are patentable. Accordingly, claim 1 of the '567

patent in view of Axel and/or Rice raises a substantial new question of patentability as

to claims 9 and 29, which question has not been decided in a previous examination of

the '415 patent.


F.      The request indicates that claims 10, 27, 28 and 31 are obvious over claim 1 of

the '567 patent in view of Kaplan and the admitted prior art as indicated on pages 47-48

GENE-CEN 003633

EXHIBIT 2 - PAGE 000028

of the request which states Kaplan teaches bacterial and yeast host cells for expressing

recombinant immunoglobulin chains and Kaplan teaches rupturing host cells, isolating

the heavy and light chains, and combining them under mildly oxidative conditions to

promote refolding and disulfide bond formation.

It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claim 1 of the '567 patent in view of Kaplan important in deciding

whether or not the claims are patentable.  Accordingly, claim 1 of the '567 patent in view

of Kaplan raises a substantial new question of patentability as to claims 10, 27, 28 and

31, which question has not been decided in a previous examination of the '415 patent.


G.     The request indicates that claims 15-16 are obvious over claim 5 of the '567

patent in view of Axel or Kaplan as indicated on page 48 of the request which states

Axel and Kaplan both teach the use of plasmids, particularly pBR322 for expressing

heterologous proteins.

It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claim 5 of the '567 patent in view of Axel or Kaplan important in deciding

whether or not the claims are patentable.  Accordingly, claim 5 of the '567 patent in view

of Axel and Kaplan raises a substantial new question of patentability as to claims 15-16,

which question has not been decided in a previous examination of the '415 patent.


H.     The request indicates that claims 18 and 20 are obvious over claim 7 of the '567

patent in view of Axel and Rice, and claim 18 is further an obvious variant of '567 claim

GENE-CEN 003634

EXHIBIT 2 - PAGE 000029

Application/Control Number: 90/007,542                                     Page 8
Art Unit: 1643

7 in view of Kaplan as indicated on pages 48-49 of the request which states Axel

teaches mammalian host cells for expressing proteins, expressly including antibodies

and Rice demonstrates expression of a recombinant immunoglobulin light chain in a

mammalian host cell and Kaplan teaches bacterial and yeast host cells for expressing

recombinant immunoglobulin chains.

     It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claim 7 of the '567 patent in view of Axel, Rice and Kaplan important in

deciding whether or not the claims are patentable.  Accordingly, claim 7 of the '567

patent in view of Axel, Rice and Kaplan raises a substantial new question of

patentability as to claims 18 and 20, which question has not been decided in a previous

examination of the '415 patent.


I.    The request indicates that claim 22 is obvious over claim 1 of the '567 patent in

view of Accolla et al (Proc. Natl. Acad. Sci. USA 77(1):563-566, January 1980, Ids filed

5/13/2005) or the admitted prior art as indicated on page 49 of the request which states

Accolla teaches making anti-CEA monoclonal antibodies and the '415 patentee admits

that anti-CEA antibodies are useful for the detection and potentially for use in treatment

of tumors that have CEA at their surface (see '415 patent column 16, lines 31-38;

particularly the cited art of Gold et al., J. Exp. Med. 122:467, 1965 and Van Nagell et al.,

Cancer research 40:502, 1980).

     It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claim 1 of the '567 patent in view of Accolla or the admitted prior art

GENE-CEN 003635

EXHIBIT 2 - PAGE 000030

Application/Control Number: 90/007,542                                        Page 9
Art Unit: 1643

important in deciding whether or not the claims are patentable.  Accordingly, claim 1 of

the '567 patent in view of Accolla or the admitted prior art of Gold et al and Van Nagell

et al raises a substantial new question of patentability as to claim 22, which question

has not been decided in a previous examination of the '415 patent.


J.      The request indicates that claims 23-24 are obvious over claim 1 of the '567

patent in view of Rice or the admitted prior art as indicated on page 49 of the request

which states Rice teaches expressing a recombinant kappa chain with an endogenous

gamma chain in a host cell to produce an immunoglobulin molecule.

        It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claim 1 of the '567 patent in view of Rice important in deciding whether

or not the claims are patentable.  Accordingly, claim 1 of the '567 patent in view of Rice

raises a substantial new question of patentability as to claims 23-24, which question has

not been decided in a previous examination of the '415 patent.


K.      The request indicates that claim 30 is obvious over claim 1 of the '567 patent in

view of Kaplan as indicated on pages 49-50 of the request which states Kaplan teaches

bacterial host cells for expressing recombinant immunoglobulin chains.

        It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claim 1 of the '567 patent in view of Kaplan important in deciding

whether or not the claims are patentable.  Accordingly, claim 1 of the '567 patent in view

GENE-CEN 003636

EXHIBIT 2 - PAGE 000031

Application/Control Number: 90/007,542                                        Page 10
Art Unit: 1643

of Kaplan raises a substantial new question of patentability as to claim 30, which

question has not been decided in a previous examination of the '415 patent.


L.      The request indicates that claims 32 is obvious over claim 3 of the '567 patent in

view of Kaplan as indicated on page 50 of the request, which states that claim 3 of the

'567 patent is directed to a composition comprising a chimeric immunoglobulin heavy or

light chain, whether it is soluble or insoluble and Kaplan teaches bacterial and yeast

host cells for expressing recombinant immunoglobulin chains.

        It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claim 3 of the '567 patent in view of Kaplan and the admitted prior art

important in deciding whether or not the claims are patentable.  Accordingly, claim 3 of

the '567 patent in view of Kaplan raises a substantial new question of patentability as to

claim 32, which question has not been decided in a previous examination of the '415

patent.


M.      The request indicates that claims 34-36 are obvious over claim 1 of the '567

patent in view of Kaplan as indicated on pages 50-51 of the request because Kaplan

teaches that an antibody can be used for site directed therapy by directing a drug or

other therapeutic means to such site (see page 8, lines 7-21).

        It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claim 1 of the '567 patent in view of Kaplan important in deciding

whether or not the claims are patentable.  Accordingly, claim 1 of the '567 patent in view

GENE-CEN 003637

EXHIBIT 2 - PAGE 000032

Application/Control Number: 90/007,542                                    Page 11
Art Unit: 1643

of Kaplan raises a substantial new question of patentability as to claims 34-36, which

question has not been decided in a previous examination of the '415 patent.


### *"Schneller-Type" Double Patenting*

The request indicates that the third party requestor considers claims 1-10, 13 and

15-33 of the '415 patent be reexamined under the doctrine of non-statutory double

patenting based on improper timewise extension of patent rights (referred to as

"*Schneller*-type" double patenting) over claims 1-7 of the '567 patent.


N.       The request indicates that claims 1, 13, 21 and 33 extend in time the protection

afforded by claim 1 of the '567 patent for the production of a chimeric immunoglobulin in

a single host cell as indicated on pages 53-54 of the request.

It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claims 1, 13, 21 and 33 important in deciding whether or not the claims

would extend in time the protection afforded by claim 1 of the '567 patent.  Accordingly,

claims 1, 13, 21 and 33 of the '415 patent raise a substantial new question of a timewise

extension of the protection afforded by claim 1 of the '567 patent, which question has

not been decided in a previous examination of the '415 patent.


O.       The request indicates that claims 2, 3 and 25 extend in time the protection

afforded by claim 1 of the '567 patent for the production of a chimeric immunoglobulin in

a single host cell as indicated on page 54 of the request because claims 3 and 25 recite

GENE-CEN 003638

EXHIBIT 2 - PAGE 000033

Application/Control Number: 90/007,542                                  Page 12
Art Unit: 1643

that the DNA sequences encoding the heavy and light chains are present in a single

vector and claim 1 of the '567 patent reads on the process involving each of different

vectors, or both DNAs on the same vector, since the process includes preparing each

DNA sequence and inserting it in an expression vector for expression of each of the

heavy and light chains before they are assembled into an immunoglobulin.

It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claims 2, 3 and 25 of the '415 patent important in deciding whether or

not the claims would extend in time the protection afforded by claim 1 of the '567 patent.

Accordingly, claims 2, 3 and 25 of the '415 patent raise a substantial new question of a

timewise extension of the protection afforded by claim 1 of the '567 patent, which

question has not been decided in a previous examination of the '415 patent.


P.      The request indicates that claims 4 and 5 extend in time the protection afforded

by claim 1 of the '567 patent for the production of a chimeric immunoglobulin in a single

host cell as indicated on page 54 of the request because claim 4 of the '415 patent

recites that the vector is a plasmid and claim 5 recites that the plasmid is pBR322 and a

plasmid, particularly pBR322 is a type of vector within the scope of claim 1 of the '567

patent.

It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claims 4 and 5 of the '415 patent important in deciding whether or not

the claims would extend in time the protection afforded by claim 1 of the '567 patent.

Accordingly, claims 4 and 5 of the '415 patent raise a substantial new question of a

Application/Control Number: 90/007,542                     Page 13
Art Unit: 1643

timewise extension of the protection afforded by claim 1 of the '567 patent, which

question has not been decided in a previous examination of the '415 patent.


Q.    The request indicates that claims 6-8, 19 and 26 extend in time the protection

afforded by claim 1 of the '567 patent for the production of a chimeric immunoglobulin in

a single host cell as indicated on pages 54-55 of the request because claims 6-8, 19

and 26 recite specific types of host cells that are within the scope of claim 1 of the '567

patent.

      It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claims 6-8, 19 and 26 of the '415 patent important in deciding whether

or not the claims would extend in time the protection afforded by claim 1 of the '567

patent. Accordingly, claims 6-8, 19 and 26 of the '415 patent raise a substantial new

question of a timewise extension of the protection afforded by claim 1 of the '567 patent,

which question has not been decided in a previous examination of the '415 patent.


R.    The request indicates that claims 9-10, 27, 28, 29 and 31 extend in time the

protection afforded by claim 1 of the '567 patent for the production of a chimeric

immunoglobulin in a single host cell as indicated on page 55 of the request because

claims 9-10, 27, 28, 29 and 31 are drawn to methods wherein prior to formation of the

immunoglobulin, one produces each of the heavy and light chains as separate

molecules.

GENE-CEN 003640

EXHIBIT 2 - PAGE 000035

Application/Control Number: 90/007,542                                    Page 14
Art Unit: 1643

It is agreed that there is a substantial likelihood that a reasonable examiner would consider claims 9-10, 27, 28, 29 and 31 of the '415 patent important in deciding whether or not the claims would extend in time the protection afforded by claim 1 of the '567 patent. Accordingly, claims 9-10, 27, 28, 29 and 31 of the '415 patent raise a substantial new question of a timewise extension of the protection afforded by claim 1 of the '567 patent, which question has not been decided in a previous examination of the '415 patent.

S.      The request indicates that claims 15 and 16 extend in time the protection afforded by claim 5 of the '567 patent for a vector comprising a DNA sequence encoding a chain or chains of a chimeric immunoglobulin in a single host cell as indicated on page 55 of the request because claims 15 and 16 include sequences encoding chimeras and claim 5 of the '567 patent includes a vector that includes DNA encoding both a chimeric immunoglobulin heavy chain and light chain.

It is agreed that there is a substantial likelihood that a reasonable examiner would consider claims 15 and 16 of the '415 patent important in deciding whether or not the claims would extend in time the protection afforded by claim 5 of the '567 patent. Accordingly, claims 15 and 16 of the '415 patent raise a substantial new question of a timewise extension of the protection afforded by claim 5 of the '567 patent, which question has not been decided in a previous examination of the '415 patent.

GENE-CEN 003641

EXHIBIT 2 - PAGE 000036

Application/Control Number: 90/007,542                                    Page 15
Art Unit: 1643

T.      The request indicates that claims 18 and 20 extend in time the protection

afforded by claim 7 of the '567 patent for host cells containing a vector for the

production of a chimeric immunoglobulin in a single host cell as indicated on page 56 of

the request because claims 18 and 20 include sequences encoding chimeras and claim

7 of the '567 patent for host cells containing a vector for the production of a chimeric

immunoglobulin in a single host cell.

        It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claims 18 and 20 of the '415 patent important in deciding whether or not

the claims would extend in time the protection afforded by claim 7 of the '567 patent.

Accordingly, claims 18 and 20 of the '415 patent raise a substantial new question of a

timewise extension of the protection afforded by claim 7 of the '567 patent, which

question has not been decided in a previous examination of the '415 patent.


U.      The request indicates that claim 22 extends in time the protection afforded by

claim 1 of the '567 patent for the production of a chimeric anti-CEA immunoglobulin in a

single host cell as indicated on page 56 of the request because claim 22 limits the

method of claim 21 to making an anti-CEA antibody and CEA is a specific antigen within

the general scope of a "particular known antigen" of claim 1 of the '567 patent.

        It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claim 22 of the '415 patent important in deciding whether or not the

claims would extend in time the protection afforded by claim 1 of the '567 patent.

Accordingly, claim 22 of the '415 patent raise a substantial new question of a timewise

GENE-CEN 003642

EXHIBIT 2 - PAGE 000037

Application/Control Number: 90/007,542                          Page 16
Art Unit: 1643

extension of the protection afforded by claim 1 of the '567 patent, which question has

not been decided in a previous examination of the '415 patent.


V.      The request indicates that claims 23 and 24 extend in time the protection

afforded by claim 1 of the '567 patent for the production of a chimeric immunoglobulin in

a single host cell as indicated on page 56 of the request because claim 23 limits the

method of claim 21 to that in which the heavy chain is of the gamma family and claims

24 limits the method of claim 21 to that which the light chain is of the kappa family,

which are within the scope of the "heavy chain" and "light chain" of claim 1 of the '567

patent.

        It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claims 23 and 24 of the '415 patent important in deciding whether or not

the claims would extend in time the protection afforded by claim 1 of the '567 patent.

Accordingly, claims 23 and 24 of the '415 patent raise a substantial new question of a

timewise extension of the protection afforded by claim 1 of the '567 patent, which

question has not been decided in a previous examination of the '415 patent.


W.      The request indicates that claim 30 extends in time the protection afforded by

claim 1 of the '567 patent for the production of a chimeric immunoglobulin in a single

host cell as indicated on pages 56-57 of the request because claim 30 recites that the

host cell is a gram negative bacteria and the heavy and light chains are secreted into

GENE-CEN 003643

EXHIBIT 2 - PAGE 000038

Application/Control Number: 90/007,542                                    Page 17
Art Unit: 1643

the periplasmic space of the host cell and gram negative bacterium, such as *E. coli* is a

host cell within the scope of claim 1 of the '567 patent.

It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claim 30 of the '415 patent important in deciding whether or not the

claims would extend in time the protection afforded by claim 1 of the '567 patent.

Accordingly, claim 30 of the '415 patent raise a substantial new question of a timewise

extension of the protection afforded by claim 1 of the '567 patent, which question has

not been decided in a previous examination of the '415 patent.


X.      The request indicates that claim 32 extends in time the protection afforded by

claim 3 of the '567 patent for insoluble chimeric heavy and/or light chain compositions

as indicated on page 57 of the request because claim 32 is directed to a composition of

matter comprising immunoglobulin proteins and claim 3 of the '567 patent is directed to

a composition comprising a chimeric immunoglobulin heavy or light chain, whether it is

soluble or insoluble.

It is agreed that there is a substantial likelihood that a reasonable examiner

would consider claim 32 of the '415 patent important in deciding whether or not the

claims would extend in time the protection afforded by claim 3 of the '567 patent.

Accordingly, claim 32 of the '415 patent raise a substantial new question of a timewise

extension of the protection afforded by claim 3 of the '567 patent, which question has

not been decided in a previous examination of the '415 patent.

GENE-CEN 003644

EXHIBIT 2 - PAGE 000039

Application/Control Number: 90/007,542                                          Page 18

Art Unit: 1643

**All** correspondence relating to this *Ex parte* reexamination proceeding should be directed:

By Mail to:    Mail Stop *Ex Parte* Reexam
                Central Reexamination Unit
                Office of Patent Legal Administration
                United States Patent & Trademark Office
                P.O. Box 1450
                Alexandria, VA 22313-1450

By FAX to:      (571) 273-0100
                Central Reexamination Unit

By hand:      Customer Service Window
                Randoph Building
                401 Dulany Street
                Alexandria, VA 22314

Any inquiry concerning this communication or earlier communications from the examiner, or as to the to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (703) 308-9692.

David Blanchard
Art Unit 1643

LARRY R. HELMS, PH.D
PRIMARY EXAMINER

GENE-CEN 003645

EXHIBIT 2 - PAGE 000040