# EXHIBIT 14

EXHIBIT 14 - PAGE 000455

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

LISA V.. MUELLER
WOOD PHILLIPS KATZ CLARK & MORTIMER
3800 WEST MADISON STREET, SUITE 3800
CHICAGO, IL 60661

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. <u>90/007,542</u>. & 90/007 859

PATENT NO. <u>6331415</u>.

ART UNIT <u>3991</u>.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

EXHIBIT 14 - PAGE 000456

GENE-CEN 022447

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

ALAN J. GRANT
CARELLA BYRNE BAIN GILFILLAN ET AL
5 BECKER FARM ROAD, 2ND FLOOR
ROSELAND, NJ 07068

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/007,859*. & 90/007542

PATENT NO. *6331415*.

ART UNIT *3991*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

EXHIBIT 14 - PAGE 000457

GENE-CEN 022448

| *Notice of Intent to Issue* *Ex Parte Reexamination Certificate* | Control No. 90/007,859 & 90/007542 | Patent Under Reexamination 6331415 | |
|---|---|---|---|
| | Examiner Padmashri Ponnaluri | Art Unit 3991 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

1. ☒ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
   (a) ☒ Patent owner's communication(s) filed: *2/12/09, 2/13/09*.
   (b) ☐ Patent owner's late response filed: _____.
   (c) ☐ Patent owner's failure to file an appropriate response to the Office action mailed: _____.
   (d) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
   (e) ☐ Other: _____.

   Status of *Ex Parte* Reexamination:
   (f) Change in the Specification:   ☐ Yes ☒ No
   (g) Change in the Drawing(s):   ☐ Yes ☒ No
   (h) Status of the Claim(s):

       (1) Patent claim(s) confirmed: *1-20 and 33-36*.
       (2) Patent claim(s) amended (including dependent on amended claim(s)): *21-32*
       (3) Patent claim(s) cancelled: _____.
       (4) Newly presented claim(s) patentable: _____.
       (5) Newly presented cancelled claims: _____.

2. ☒ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

3. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

4. ☒ Note attached LIST OF REFERENCES CITED (PTO/SB/08). *11 pgs.*

5. ☐ The drawing correction request filed on _____ is:   ☐ approved   ☐ disapproved.

6. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
   a)☐ All   b)☐ Some*   c)☐ None      of the certified copies have
       ☐ been received.
       ☐ not been received.
       ☐ been filed in Application No. _____.
       ☐ been filed in reexamination Control No. _____.
       ☐ been received by the International Bureau in PCT Application No. _____.

   * Certified copies not received: _____.

7. ☐ Note attached Examiner's Amendment.

8. ☒ Note attached Interview Summary (PTO-474).

9. ☐ Other: _____.

| PADMASHRI PONNALURI PRIMARY EXAMINER | EVELYN M. HUANG PRIMARY EXAMINER CRU - AU 3991 | DEBORAH D. JONES CRU SPE-AU 3991 |
|---|---|---|

cc: Requester (If third party requester)

U.S. Patent and Trademark Office
PTOL-469 (Rev.08-06)     Notice of Intent to Issue Ex Parte Reexamination Certificate     Part of Paper No 20090211

EXHIBIT 14 - PAGE 000458

GENE-CEN 022449

Application/Control Number: 90/007,859 & 90/007,542                          Page 2

Art Unit: 3991

## *Reexamination*

### *Procedural Posture*

This is the merged *Ex parte* reexamination proceedings of 90/007,542 and 90/007,859.

This is merged reexamination of US Patent 6,331,415 (Cabilly II), issued on December 18, 2001.

Decision merging reexamination proceedings 90/007,542 and 90/007,859 was mailed on 6/6/06.

A First Office Action in this merged proceedings was mailed on 8/16/06.

Patent Owner filed a response on 10/30/06.

Final Rejection was mailed on 2/16/07.

A Request for Continued Reexamination was filed on 5/21/07. The Request for

Continued Reexamination was granted on 6/10/07.

Final Rejection was mailed on 2/25/08.

After Final response was mailed on 6/6/08.

Advisory action was mailed on 7/19/08.

Notice of Appeal was filed on 8/22/08.

Appeal Brief was filed on 12/9/08.

A supplemental response and amendment are filed on 2/12/09. The amendment to claim

21 does not comply with Rule 1.530. A second supplemental amendment is filed on 2/13/09.

### *Amendment*

Claims 21, 27 and 32 are amended by the amendment filed on 2/13/09.

### *Information Disclosure Statement*

EXHIBIT 14 - PAGE 000459

**GENE-CEN 022450**

Application/Control Number: 90/007,859 & 90/007,542                    Page 3

Art Unit: 3991

The Information disclosure statements (PTO/SB/08) filed on 2/11/09 and 6/6/08 have

been considered. The documents L11 to L30 related to the litigation (cited in the 6/6/08 IDs) are

considered, however a line is drawn through the citations because these documents are not

appropriate for printing on the face of the reexamination certificate.

### *The Cabilly 6,331,415 Invention (Cabilly II Patent)*

The invention is drawn to a method for producing an immunologically functional

immunoglobulin molecule or an immunologically functional immunoglobulin fragment by

transforming a single host cell with a first DNA sequence encoding immunoglobulin heavy chain

and a second DNA sequence encoding immunoglobulin light chain and independently expressing

the first DNA sequence and second DNA sequence so that said immunoglobulin heavy chain and

light chain are produced as separate molecules in said transformed single host cell.

Claims 1, 21 and 33 are representative of the invention.

Based on the prosecution history of the patent at issue, and the interference record from

Interference No. 102,572, the term "immunoglobulin molecule" in claims 1 and 33 is considered

to be immunologically functional molecule and  capable of binding to a known antigen.

### *Withdrawn Rejections*

The obviousness-type double patenting rejection of claims 1-36 of U.S. Pat. No.

6,331,415 (Cabilly 2) over claims 1-7 of U.S. Patent No. 4,816,567 (Cabilly 1) in view of Axel et

al. U.S. Pat. No. 4,399,216 (8/83), Rice and Baltimore, PNAS USA 79 (12/82):7862-7865,

Kaplan et al. EP 0044722 (1/82), Builder et al U.S. Pat. No. 4,511,502 (issued 4/85), Accolla et

EXHIBIT 14 - PAGE 000460

GENE-CEN 022451

Application/Control Number: 90/007,859 & 90/007,542                              Page 4
Art Unit: 3991

al PNAS USA 77(1): 563,566 (1980), Dallas (WO 82/03088), Deacon (Biochemical. Society

Transactions, 4 (1976):818-820), 1981 Valle (Nature, 291 (May '81) pages 338-340; Ochi

(Nature, 302(3/24/83) pages 340-342 alone, or further in view of Moore et al. U.S. Pat. No.

5,840,545 (Nov. 24, 1998: effectively filed March 15, 1982) is withdrawn upon reconsideration

and in view of Patent Owner's response and Declarations presented in this reexamination

proceedings.

Cabilly I Patent (the '567 patent) claims are drawn to a method for preparing chimeric

immunoglobulin heavy chain or immunoglobulin light chain molecules separately from

transformed host cells. The host cell in the Cabilly I patent claims is transformed with either

immunoglobulin heavy chain or immunoglobulin light chain. Cabilly I patent claims do not

recite a single host cell transformed with DNA sequences encoding both immunoglobulin heavy

chain and immunoglobulin light chain independently as required in the present Cabilly II claims.

Axel et al taught a process for inserting foreign DNA into eukaryotic cell by

cotransformation with the disclosed foreign DNA I and DNA II that encodes a selectable marker.

Axel et al did not teach a single host cell transformed with immunoglobulin heavy chain and

immunoglobulin light chain independently. Axel et al did not teach co-expression of two foreign

DNA sequences (see Harris declaration, McKnight declaration, Botchan declaration, Rice

declaration, and Colman declaration).

Rice exogenously introduced a recombinant murine kappa light chain gene into a mutant

lymphoid cell line (81A-2 cell line) that contains heavy chain (endogenous). Rice taught the co-

expression of immunoglobulin heavy and light chain in the mutant cells. However, Rice did not

teach that a single host cell is transformed with both immunoglobulin heavy chain and light

EXHIBIT 14 - PAGE 000461

GENE-CEN 022452

Application/Control Number: 90/007,859 & 90/007,542                          Page 5
Art Unit: 3991

chain (see Rice Declarations, Colman declaration, Harris declaration, Botchan declaration, and

McKnight declaration). Rice taught the successful expression of immunoglobulin light chain

genes is linked to the ongoing ability of the cell to express its endogenous heavy chain gene (see

Harris declaration, and Rice declaration).

Kaplan taught a method for producing an immunoglobulin multimer, wherein the

individual immunoglobulin heavy chain and light chain are produced in separate cell culture.

Kaplan did not teach producing immunoglobulin heavy chain and light chain in a single host cell

(see Harris declaration, McKnight declaration, Botchan declaration, Colman declaration, and

Rice declaration).

Dallas taught a method of making an E.coli vaccine by inserting into one E.coli cell

genes obtained from another strain of E.coli. Dallas did not teach a method for producing

multiple eukaryotic proteins from a single host cell (see Harris declaration, McKnight

declaration, Rice declaration, and Botchan declaration).

Moore patent disclosed a method for producing "rFv" binding molecule comprising

variable regions of immunoglobulin heavy chain and light chain. Moore patent taught producing

immunoglobulin heavy chain and light chain in separate host cells. Moore patent taught the

immunoglobulin heavy chain and light chain are inserted into two separate single-marker pGM1

based plasmids, resulting in pGM1H and pGM1L. Since both pGM1H and pGM1L plasmids

contain the same selectable marker, two separate host cell cultures are transformed with each

plasmid (see Scott declaration, McKnight declaration, Altman declaration).  Thus, the Moore

patent taught producing immunoglobulin heavy chain and light chain in separate host cells.

GENE-CEN 022453

EXHIBIT 14 - PAGE 000462

Application/Control Number: 90/007,859 & 90/007,542                    Page 6
Art Unit: 3991

Deacon and Valle introduced and expressed exogenous immunoglobulin heavy chain and light chain in xenopus oocyte cells. Valle 1982 is cumulative in its teachings to Deacon and Valle reference. The Deacon and Valle reference did not describe any experiment where a eukaryotic host cell is transfected with DNA (see Rice Declarations, Colman declaration, Harris declaration, McKnight declaration and Botchan declaration).

Ochi taught a method of producing antibody by cloning an immunoglobulin light chain into a cell line endogenously producing an immunoglobulin heavy chain. Ochi did not teach that a single host cell is transformed with both immunoglobulin heavy chain and light chain (see Rice Declarations, Harris declaration, McKnight declaration and Botchan declaration).

Builder taught reconstitution techniques for recovering expressed polypeptides from bacterial host cells. Builder did not teach assembly of immunoglobulin tetramer (see Harris declaration).

Accolla described methods for making anti-CEA monoclonal antibodies. Accolla did not teach a method for producing monoclonal antibodies that bind to the CEA antigen through recombinant DNA techniques (see Harris declaration).

Upon reconsideration of the declarations by Harris, McKnight, Botchan, Colman, and Rice, a person of ordinary skill in the art at the time the invention was made would not have had a reasonable expectation of success modifying the Cabilly I Patent claims in accordance to the teachings of Axel, Rice, Kaplan, Builder, Accolla, Dallas, Moore patent, Deacon and Valle, and Ochi references of record to produce an immunologically functional immunoglobulin molecule by independently expressing immunoglobulin heavy chain and light chain in a single transformed host cell.

EXHIBIT 14 - PAGE 000463

GENE-CEN 022454

Application/Control Number: 90/007,859 & 90/007,542                    Page 7
Art Unit: 3991

## STATEMENT OF REASONS FOR PATENTABILITY AND/OR CONFIRMATION

The following is an examiner's statement of reasons for patentability and/or confirmation of the

claims found patentable in this reexamination proceeding:

The combination of the Cabilly I patent claims and the teachings of Axel, Rice, Kaplan,

Builder, Accolla, Dallas, Moore patent, Deacon and Valle and Ochi references do not suggest or

contain an enabling disclosure of a method to produce an immunologically functional

immunoglobulin molecule by independently expressing immunoglobulin heavy chain and light

chain in a single transformed host cell.

Any comments considered necessary by PATENT OWNER regarding the above

statement must be submitted promptly to avoid processing delays. Such submission by the

patent owner should be labeled: "Comments on Statement of Reasons for Patentability and/or

Confirmation" and will be placed in the reexamination file.

### Conclusion

Claims 1-20, 33-36 are confirmed and amended claims 21-32 are allowed.

### Future Correspondences

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Padmashri Ponnaluri whose telephone number is 571-272-0809.

The examiner can normally be reached on Monday through Friday between 7 AM and 3.30 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor Deborah Jones can be reached on 571-272-1535. The fax phone number for the

organization where this application or proceeding is assigned is 571-273-9900.

**GENE-CEN 022455**

EXHIBIT 14 - PAGE 000464

Application/Control Number: 90/007,859  & 90/007,542                    Page 8
Art Unit: 3991

Information regarding the status of an application may be obtained from the Patent
Application Information Retrieval (PAIR) system. Status information for published
applications may be obtained from either Private PAIR or Public PAIR. Status information
for unpublished applications is available through Private PAIR only. For more information
about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access
to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197
(toll-free).

All correspondence relating to this Ex parte Reexamination proceeding should be directed to:

By EFS:

Registered users may submit via the electronic filing system EFS-Web at

        https://sportal.uspto.gov/authenticate/authenticateuserlocalepf.html


By Mail to:

*Attn: Mail Stop "Ex Parte Reexam"*
      Central Reexamination Unit
      Commissioner for Patents
      P. O. Box 1450
      Alexandria VA  22313-1450

By FAX to:
      (571) 273-9900
      Central Reexamination Unit

Hand-Deliver any communications to:
      Customer Service Window
      Attn: Central Reexamination Unit
      Randolph Building, Lobby Level
      401 Dulany Street
      Alexandria, VA  22314


Conferee:                                                    Padmashri Ponnaluri
      DEBORAH D. JONES                          Primary Examiner
      CRU SPE-AU 3991                             Unit 3991
                                   13 February 2009

      EVELYN M. HUANG
      PRIMARY EXAMINER
      CRU - AU 3991

GENE-CEN 022456

EXHIBIT 14 - PAGE 000465