# EXHIBIT 38

EXHIBIT 38 - PAGE 001307

I hereby certify that the annexed Instrument is a true and correct copy of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk U.S. District Court
Northern District of California
By
Deputy Clerk
Date MAY 30 2001

MAR 2 1 2001
ENTERED IN CIVIL DOCKET

FILED
MAR 16 2001
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GENENTECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> CELLTECH THERAPEUTICS, LTD., <br><br> Defendant. | CASE NO. C98-3926 MMC (WDB) <br><br> [Proposed] Order Regarding Resolution of Interference |

Pursuant to the settlement agreement between the parties, the Court hereby makes the following orders in this case:

### Findings of fact and conclusions of law

1. Plaintiff, Genentech, Inc., filed this action under 35 U.S.C. § 146, following a decision in Patent Interference No. 102,572 before the Board of Patent Appeals and Interferences ("Board") of the United States Patent and Trademark Office ("PTO"). In that decision, the Board concluded that Michael A. Boss, John H. Kenten, John S. Emtage, and Clive R. Wood (collectively "Celltech's inventors") were entitled to priority over Shmuel Cabilly, Herbert L. Heyneker, William E. Holmes, Arthur D. Riggs, and Ronald B. Wetzel (collectively "Genentech's inventors") with respect to the invention defined by the interference count, which corresponded to claims 1-18 of U.S. Patent No. 4,816,397 ("the Boss patent"), issued to Celltech's inventors and assigned to Celltech.

Order
C98-3926 MMC

GNE-MED-00450

EXHIBIT 38 - PAGE 001308

2. The invention at issue relates to a process for producing genetically engineered, immunologically functional antibodies, also referred to as immunoglobulin ("Ig") molecules. Immunologically functional Ig molecules (i.e., Ig molecules capable of binding with their associated antigen at levels above background) have a variety of potential uses, including use as reagents in laboratory procedures and as therapeutic agents.

3. In the early 1980s, both Genentech and Celltech studied the use of recombinant DNA technology to produce Ig molecules. At roughly the same time, both developed the means to create immunologically functional Ig molecules. The dispute in this case is who first satisfied the requirements of the United States patent laws with regards to conception, and thus who had priority to the patent. In particular, the dispute centers on who first "conceived" the means to produce immunologically functional Ig molecules. The patent laws define "conception" as the purely mental act occurring when the inventor forms a definite and permanent idea of the complete and operative invention, such that one of ordinary skill could reduce the invention to practice without extensive research or experimentation. The date of conception must be corroborated by evidence other than the inventor's testimony, such as laboratory notebooks, patent applications or drafts, or other documentary evidence.

4. Celltech claims a priority date of March 25, 1983, the date it filed a British patent application describing the invention, and therefore proving conception. Accordingly, in order for Genentech to establish priority, it must prove and corroborate a conception prior to March 25, 1983.

5. Genentech filed its U.S. patent application on April 8, 1983 and Celltech filed its U.S. patent application in November 14, 1984. On March 28, 1989, part of Genentech's application issued as U.S. Patent No. 4,816,517, "Recombinant Immunoglobulin Preparations," and Celltech's application also issued as U.S. Patent No. 4,816,397, "Multichain Polypeptides or Proteins and Processes for their Production." Thereafter, Genentech amended a pending continuation of its application to copy exactly the claim in Celltech's patent, the permitted and standard procedure for provoking an interference.

GNE-MED-00451

EXHIBIT 38 - PAGE 001309

6. On February 28, 1991, the PTO's Board of Patent Appeals and Interferences declared an interference between Celltech's patent and Genentech's continuation application. Genentech was originally named the senior party to the interference, on account of its earlier U.S. filing date. However, Celltech thereafter filed a motion to be named the senior party, arguing that its priority British patent application corroborated a complete conception of the invention before Genentech first filed its U.S. patent application. That motion was granted, and ultimately the PTO concluded that because Genentech failed to prove a conception earlier than March 28, 1983, Celltech was entitled to priority.

7. Genentech commenced this action on October 9, 1998. Discovery ensued and was completed. During the course of discovery, additional evidence of Genentech's research on immunologically functional Ig molecules was uncovered, including a draft of what became Genentech's U.S. patent application, which draft is dated February 25, 1983 – a month before Celltech filed its British patent application. The PTO did not consider this draft patent application.

8. It is undisputed that if this draft is sufficient to corroborate conception of the invention as of February 25, 1983, Genentech is entitled to priority. Celltech does not claim any basis for an earlier priority date.

9. Genentech's February 25, 1983 draft patent application is sufficient to corroborate Genentech's complete conception of the invention by that date. The description of the invention contained in the draft shows that Genentech's inventors had formed, by February 25, 1983, a definite and permanent idea of the complete and operative invention, such that one of ordinary skill could reduce the invention to practice without extensive research or experimentation. Furthermore, the description of the invention contained in Genentech's draft is at least equivalent to the description contained in Celltech's British application, upon which the PTO relied in concluding that Celltech was entitled to priority.

10. Accordingly, the Court finds and rules that Genentech is entitled as a matter of law to priority over Celltech to the invention described by the count.

Order
C98-3926 MMC

3

GNE-MED-00452

EXHIBIT 38 - PAGE 001310

### Vacating of prior Orders

The Court hereby vacates the following prior Orders in this case:

1. The Order of Magistrate Judge Wayne D. Brazil dated January 14, 2000.
2. This Court's Order dated February 17, 2000 denying Genentech's appeal of Magistrate Judge Brazil's January 14, 2000 Order.
3. This Court's Order dated July 31, 2000 denying plaintiff Genentech, Inc.'s summary adjudication and count construction motions.

### Documents filed under seal

1. In addition, the Court hereby directs the Clerk of the Court to allow counsel for the parties to remove from the court's files all documents filed under seal in this case. As those documents were filed under seal, they did not become part of the public record in this case.

IT IS SO ORDERED.

Dated: March 16, 2001.

By _____
United States District Judge

Order
C98-3926 MMC

GNE-MED-00453

EXHIBIT 38 - PAGE 001311

United States District Court
for the
Northern District of California
March 16, 2001

* * CERTIFICATE OF SERVICE * *

Case Number:3:98-cv-03926

Genentech, Inc.

   vs

Celltech Limited

---

, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Northern District of California.

That on March 16, 2001, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office.


   Harold J. McElhinny, Esq.
   Morrison & Foerster LLP
   425 Market St
   San Francisco, CA  94105-2482

   R. Danny Huntington, Esq.
   Burns Doane Swecker & Mathis
   P O Box 1404
   Washington & Prince Sts
   Alexandria, VA  22313-1404

   Paul H. Dawes, Esq.
   Latham & Watkins
   135 Commonwealth Drive
   Menlo Park, CA  94025

   Will Barnett Fitton, Esq.
   Latham & Watkins
   505 Montgomery St
   Ste 1900
   San Francisco, CA  94111

GNE-MED-00454

EXHIBIT 38 - PAGE 001312

Richard W. Wieking, Clerk

BY: _____
Deputy Clerk

GNE-MED-00455

EXHIBIT 38 - PAGE 001313