# EXHIBIT 4

EXHIBIT 4 - PAGE 000089

Bruce G. Chapman (SB #164258)
bchapman@cblh.com
Keith D. Fraser (SB #216279)
kfraser@cblh.com
**CONNOLLY BOVE LODGE &**
**HUTZ LLP**
333 S. Grand Aveue, Suite 2300
Los Angeles, CA 90071
T: (213)787-2500; F: (213)687-0498

Dianne B. Elderkin (*pro hac vice*)
elderkin@woodcock.com
Barbara L. Mullin (*pro hac vice*)
mullin@woodcock.com
Steven D. Maslowski (*pro hac vice*)
maslowski@woodcock.com
Amanda M. Kessel (*pro hac vice*)
akessel@woodcock.com
Aleksander J. Goranin (*pro hac vice*)
agoranin@woodcock.com
Matthew A. Pearson (*pro hac vice*)
mpearson@woodcock.com
**WOODCOCK WASHBURN LLP**
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
T: (215)568-3100; F: (215)568-3439

Attorneys for CENTOCOR ORTHO
BIOTECH, INC. AND THIRD-
PARTY DEFENDANTS

Mark A. Pals, P.C. (*pro hac vice*)
mpals@kirkland.com
Marcus E. Sernel (*pro hac vice*)
msernel@kirkland.com
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, IL 60654
T: (312)862-2000 F: (312)862-2200

Daralyn J. Durie (SBN 169825)
ddurie@durietangri.com
Mark Lemley (SBN 155830)
mlemley@durietangri.com
**DURIE TANGRI PAGE LEMLEY**
**ROBERTS & KENT LLP**
332 Pine Street, Suite 200
San Francisco, CA 94104
T: (415)362-6666; F: (415)236-6300

Attorneys for GENENTECH, INC.

David I. Gindler (SBN 117824)
dgindler@irell.com
Joseph M. Lipner (SBN 155735)
jlipner@irell.com
**IRELL & MANELLA, LLP**
1800 Avenue of the Stars
Los Angeles, CA 90067
T: (310)277-1010; F: (310)203-7199

Attorneys for CITY OF HOPE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | | |
|---|---|---|
| CENTOCOR ORTHO BIOTECH, INC., | ) ) ) | Case No. CV 08-03573 MRP (CTx) |
| Plaintiff, | ) ) | The Honorable Mariana R. Pfaelzer |
| v. | ) ) ) | |
| GENENTECH, INC. and CITY OF HOPE, | ) ) ) | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | ) ) | |

**EXHIBIT 4 - PAGE 000090**

# STIPULATED PROTECTIVE ORDER

Whereas Plaintiff Centocor Ortho Biotech, Inc. and Third-Party Defendants Global Pharmaceutical Supply Group, LLC, Centocor Biologics, LLC, and JOM Pharmaceutical Services, Inc. (collectively, "Centocor") and Defendants Genentech, Inc. ("Genentech") and City of Hope (collectively, "parties") -- parties to the action entitled *Centocor v. Genentech, et al.*, Case No. CV08-03573 (the "Action") -- each believe that certain information that is or will be encompassed by discovery demands made by one upon the other, or by a party upon a non-party, constitutes confidential and proprietary commercial, technical, development, or business information, research, and/or trade secrets, within the meaning of Federal Rule of Civil Procedure ("Rule") 26(c); whereas each of the parties believes that it would serve its interests to conduct discovery and proceedings herein under a protective order pursuant to that rule; and whereas each of the parties has made a showing, as set forth in the "Good Cause Statement" below, that "good cause" exists to believe that public disclosure and/or unfettered disclosure of such information to other parties will result in prejudice or competitive harm, the parties have stipulated to provide access to and accept such information, documents and things, subject to certain protective provisions hereinafter set forth.

IT IS HEREBY ORDERED as follows:

1.     This Protective Order shall apply to all information, documents and other items subject to discovery in this Action, including without limitation testimony adduced at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31, answers to interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from inspection of premises or things pursuant to Rule 34, answers to requests for admission pursuant to Rule 36, and documents, things, or testimony obtained from non-parties pursuant to Rule 45, and regardless of whether the material is filed with the Court.

2.     As used in this order, "Confidential Material" shall mean documents,

Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

or any portion thereof, and other forms of evidence, information, or discovery contemplated under Rules 26 through 36 and 45 that, in the good faith and reasonable opinion of the party or non-party producing the discovery (hereinafter "Producing Party"), contains sensitive technical or business information whose public disclosure poses a meaningful risk of competitive, business, or other harm to the Producing Party, as identified below.

### GOOD CAUSE STATEMENT

It is the intent of the parties and the Court that materials will not be designated "Confidential" for tactical reasons in this case and that nothing be so designated without a good faith and reasonable belief that there is good cause why it should not be part of the public record of this case.

Categories of "Confidential" documents, information, or other discovery that the parties may seek to designate under this Protective Order include the following:

(a)     Information that is the subject of a non-disclosure or confidentiality agreement or obligation.  Good cause exists for protected or restricted disclosure of such information because public disclosure may result in the violation of such agreement or obligation;

(b)     The names or other information tending to reveal the identities of a party's supplier.  Good cause exists for protected or restricted disclosure because such information is frequently kept nonpublic as a matter of practice to protect highly-sensitive business and proprietary information, the public disclosure of which would pose a meaningful risk of competitive and business harm;

(c)     The names or other information tending to reveal the identities of a party's distributors.   Good cause exists for protected or restricted disclosure because such information is frequently kept nonpublic as a matter of practice to protect highly-sensitive business and proprietary

3

Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

information, the public disclosure of which would pose a meaningful risk of competitive and business harm.

(d)    The names or other information tending to reveal the identities of a party's potential or actual customers, or tending to reveal potential or actual customer needs, specifications, and requests.   Good cause exists for protected or restricted disclosure because such information is frequently kept nonpublic as a matter of practice to protect highly-sensitive business and propriety information, the public disclosure of which would pose a meaningful risk of competitive and business harm.

(e)    Research and development data, reports, and information (to the extent not previously publicly disclosed).  Good cause exists for protected or restricted disclosure because the parties' research and development efforts are routinely kept nonpublic as a matter of practice to protect highly-sensitive technical and proprietary data and information, the public disclosure of which would pose a meaningful risk of competitive and business harm.

(f)    Information on efforts taken to obtain regulatory approval for products or processes (to the extent not previously publicly disclosed). Good cause exists for protected or restricted disclosure because such efforts are routinely kept nonpublic as a matter of practice to protect highly-sensitive technical, business, and proprietary data and information, the public disclosure of which would pose a meaningful risk of competitive and business harm.

(g)    Proprietary technical information, including product designs, product specifications, information on specific manufacturing processes, techniques, and systems; laboratory notebooks; technical reports and

Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

[PROPOSED] STIPULATED PROTECTIVE ORDER – Case No. CV 08-03573 MRP (CTx)

**EXHIBIT 4 - PAGE 000093**

memoranda; technical specifications; technical drawings; and test data.  Good cause exists for protected or restricted disclosure because such information is routinely kept nonpublic as a matter of practice to protect highly-sensitive technical, business, and proprietary data and information, the public disclosure of which would pose a meaningful risk of competitive and business harm.

(h)    Information tending to reveal corporate organization and relationships, structure, strategies, and planning (to the extent not previously publicly disclosed), including corporate meeting minutes, agendas, correspondence, or summaries.  Good cause exists for protected or restricted disclosure of at least some such information that is routinely kept nonpublic as a matter of practice to protect highly-sensitive business and proprietary data and information, the public disclosure of which would pose a meaningful risk of competitive and business harm.

(i)    Information relating to actual or potential efforts or strategies to acquire or evaluate patents or other intellectual property or technology, including pending and draft patent applications; patent, prior art, or other intellectual property searches or evaluations; opinions of counsel; actual or potential licensing of intellectual property or technology; and licensing policies, practices, or strategies. Good cause exists for protected or restricted disclosure because such information is routinely kept nonpublic as a matter of practice to protect highly-sensitive business, technical, and proprietary data and information, the public disclosure of which would pose a meaningful risk of competitive and business harm.

Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

[PROPOSED] STIPULATED PROTECTIVE ORDER – Case No. CV 08-03573 MRP (CTx)

**EXHIBIT 4 - PAGE 000094**

(j)     Financial information, including information as to specific budgets, revenues, costs, profits, margins, pricing, sales revenues and unit volumes, and royalty payments (to the extent not previously publicly disclosed). Good cause exists for protected or restricted disclosure because such information is routinely kept nonpublic as a matter of practice to protect highly-sensitive financial, business and proprietary data and information, the public disclosure of which would pose a meaningful risk of competitive and business harm.

(k)     Information tending to reveal market analyses, business or marketing plans, market projections or forecasts, and strategies for marketing, selling, or pricing (to the extent not previously publicly disclosed). Good cause exists for protected or restricted disclosure because such information is routinely kept nonpublic as a matter of practice to protect highly-sensitive business and proprietary data and information, the public disclosure of which would pose a meaningful risk of competitive and business harm.

3.     As used in this order, "document" shall have the meaning ascribed to it in Rule 34(a).

4.     Any document, or portion thereof, and any other form of evidence or discovery contemplated under Rules 26 through 36 and 45 that, in the good faith and reasonable opinion of the Producing Party, contains Confidential Material may be designated by the Producing Party as "Confidential." Confidential Material, designated as such in accordance with this Order, shall be disclosed or made available only to persons specified in Paragraphs 7 and 8 herein, and is not to be copied or used except for the limited purpose of conducting this litigation, including preparing exhibits for affidavits, depositions, hearings, or for trial. All copies of material properly designated as "Confidential," and all extracts, abstracts,

Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

charts, summaries, and notes made from material designated as "Confidential," shall be Confidential Material.

5.     All documents produced herein by each party shall bear identifying numbers at the time a copy is given to the party receiving the discovery responses (hereinafter "the Receiving Party").  In the case of material or information disclosed in a non-paper medium (e.g., slides, computer disks, audiotape), the identifying number may be affixed on the outside of the medium or any container.

6.     Confidential Material may be made subject to the Protective Order as follows:

(a)     With respect to documents or copies provided by the Producing Party to the Receiving Party, by marking the initial page and the page or pages on which any Confidential Material appears with the legend "CONFIDENTIAL."  The Producing Party shall so mark documents or copies prior to or at the time of supplying them to the other party.

(b)     With respect to documents or copies produced by the Producing Party for inspection by opposing counsel, such documents are deemed to be, and shall be treated as, Confidential Material, whether or not so marked, unless and until opposing counsel requests copies of such documents and the Producing Party supplies such copies to opposing counsel.  Copies of such documents supplied to opposing counsel shall be made subject to this Order if, prior to or at the time of supplying them to opposing counsel, the Producing Party marks such copies as "CONFIDENTIAL," as provided in Paragraph 7(a) above.

(c)     In the case of depositions, a deposition transcript or a portion thereof may be designated as Confidential by so designating on the record at the deposition and shall remain Confidential without further action of the designating party.  Alternatively, a deposition transcript

7

Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

[PROPOSED] STIPULATED PROTECTIVE ORDER – Case No. CV 08-03573 MRP (CTx)

**EXHIBIT 4 - PAGE 000096**

or a portion thereof may be designated as "Confidential" within thirty (30) calendar days following the mailing of the transcript or videotape by the court reporter or videographer. Such notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portions of the transcript that contain Confidential Materials as Confidential and directing the reporter to mark that portion of the transcript accordingly. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. If no confidentiality designation is made at the time of a deposition, such deposition nonetheless shall be treated as Confidential from the taking of the deposition until thirty (30) calendar days after being notified by the court reporter or any party that the transcript is available. The portion of any videotape of a deposition corresponding to the portion of any transcript of that deposition designated as Confidential also shall be treated as Confidential under this Protective Order to the same extent as the transcript.

(d)     In the case of responses to interrogatories or other discovery requests, or responses, affidavits, briefs, memoranda or other papers filed with the Court, information contained therein may be designated as Confidential Material by prominently marking the cover of such paper "CONFIDENTIAL." For interrogatory responses and documents filed with the Court, if only a portion of the document contains Confidential Material, then the information shall be designated as such by marking only that portion "CONFIDENTIAL." Such identification shall be made prior to or at the time the documents are filed with the Court or served on another party.

Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

[PROPOSED] STIPULATED PROTECTIVE ORDER – Case No. CV 08-03573 MRP (CTx)
**EXHIBIT 4 - PAGE 000097**

(e)     In the case of Confidential Material that is disclosed in a non-paper medium (e.g., slides, computer disks, audiotape), the notation "CONFIDENTIAL" shall be affixed on the outside of the medium or any container.

(f)     To the extent that information has been produced in this case prior to the entry of this Order that a Producing Party desires to designate as Confidential, the Producing Party may, within twenty (20) calendar days of the entry of this Order, designate by identifying in writing to the Receiving Party which such documents, testimony or tangible objects should be treated as Confidential.

7.     (a)     Confidential Material, and any analysis or report containing Confidential Material, shall not be made public by the Receiving Party nor used for any purpose other than this Action, and, except as provided in Paragraph 8, shall not be divulged to anyone other than persons described in Paragraph 7(a)(i)-(viii) and Paragraph 7(b) below, subject to any restrictions set forth in Paragraphs 7(a)(i)-(viii) and Paragraph 7(b) as to those persons:

(i)     Any independent experts or consultants who are not regularly employed by or associated with the Receiving Party (and personnel acting under their direct or indirect supervision) and whose advice and consultations are being used or will be used by the Receiving Party in connection with preparation for trial or other evidentiary hearing in this Action; provided, however, that:

(1)     the name, business address, and current employment (if any) of any such expert or consultant, and a signed undertaking to be bound by the terms of this Order in the form of Exhibit A hereto, shall be furnished to counsel for the Producing Party, by electronic mail or overnight courier, at least ten (10) business

9

Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

days prior to the first disclosure of Confidential Material to that expert or consultant;

(2)     The Producing Party may then make a written objection setting forth with particularity the reasons for objecting to the disclosure.  If no such objection is served, Confidential Material may be disclosed to the independent expert or counsel at the conclusion of the ten (10) business day period;

(3)     If such written objection is served within the ten (10) business day period, the Receiving Party shall not proceed with disclosure to the identified expert or consultant and the Producing and Receiving Party shall confer within five (5) business days following service of the written objection.  If agreement cannot be reached with respect to disclosure of Confidential Material to the independent expert or consultant, the Producing Party may move this Court in compliance with Local Rule 37 for a motion to preclude disclosure to the independent expert or consultant of the Producing Party's Confidential Material.  In such case, no disclosure shall be made to the expert or consultant until the Court has ruled on the motion.  If the Producing Party does not serve its moving papers within ten (10) business days following the conference with the Receiving Party, the Producing Party's objection shall be deemed waived.  It is not the intent of this subparagraph to assign the burden of persuasion on such motion to either the Producing Party or to Receiving Party;

Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

[PROPOSED] STIPULATED PROTECTIVE ORDER – Case No. CV 08-03573 MRP (CTx)

**EXHIBIT 4 - PAGE 000099**

(ii)    The parties' outside counsel and personnel of outside counsel in this Action, including specifically the following outside counsel set forth below and their personnel:

    Attorneys for CENTOCOR

    WOODCOCK WASHBURN LLP

    CONNOLLY BOVE LODGE & HUTZ LLP

    Attorneys for GENENTECH

    KIRKLAND & ELLIS LLP

    DURIE TANGRI LEMLEY ROBERTS & KENT LLP

    Attorneys for CITY OF HOPE

    IRELL & MANELLA LLP

(iii)    Personnel of the Court and all appellate courts for this Action, and court reporters and/or videographers and necessary support personnel of such court reporters and/or videographers retained in connection with any hearing or trial of this Action or in connection with any depositions taken by any party in this litigation to the extent necessary to transcribe and/or record the deposition testimony and identify exhibits marked in the course of the deposition;

(iv)    Jury consultants, mock jurors, focus group members, or research group participants selected by jury consultants or by trial counsel in preparation for trial, provided that such persons agree to be bound by the terms of this Order and do not retain any Confidential Material;

(v)    Independent litigation support vendors, including legal interpreters, document reproduction services, computer imaging services, and demonstrative exhibit services;

11

Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

[PROPOSED] STIPULATED PROTECTIVE ORDER – Case No. CV 08-03573 MRP (CTx)

**EXHIBIT 4 - PAGE 000100**

(vi)     Non-party individuals who either are designated in the
document or material itself as an author or recipient thereof, or are
otherwise shown to have authored or received the designated
document or material, provided that the disclosure to such non-parties
shall be limited to the specific Confidential Material disclosed in the
particular document.  Such non-party individuals shall not retain any
Confidential Material without the consent of the Producing Party;

(vii)   Employee-deponents of the Producing Party, provided that such
employees may only be shown documents or material produced by
their employer that were created before or during the time of their
employment;

(viii)  three in-house counsel of each party and one support person
(*i.e.*, secretary or paralegal) for each in-house counsel, provided,
however, that the three in-house counsel are not involved with the
preparation or prosecution of patent applications in the area of
antibody manufacture, purification, and formulation (other than
involvement in the reexamination proceedings with respect to U.S.
Patent No. 6,331,415 (the "'415 patent") and/or any other proceedings
with respect to the prosecution of patent applications related to the
'415 patent) (the "Patent Prosecution Activities").  The identified
support staff shall be permitted to use the services of support
personnel solely for purposes of completing administrative tasks
associated with the Confidential Material, such as copying, scanning
and filing.  To clarify the meaning of "involved" as used in this
Paragraph 7(a)(viii), no party will contend that the in-house counsel
designated under this Paragraph 7(a)(viii) (or, if applicable, Paragraph
7(b)) are "involved" in the Patent Prosecution Activities by virtue of

their having formal supervisory responsibility over other in-house counsel or patent agents involved in the Patent Prosecution Activities, unless the in-house counsel designated under this Paragraph 7(a)(viii) (or, if applicable, Paragraph 7(b)) in fact exercise that responsibility to direct the preparation or prosecution of specific patent applications relating to the Patent Prosecution Activities.

(b)     In addition to the persons identified in Paragraph 7(a) above, the following materials may be viewed by Gary Loeb, Genentech's Director of Litigation and Vice President, Intellectual Property; Daniel Sherman, Genentech Litigation Support Patent Agent; Gregory Schetina, City of Hope's General Counsel; Kenneth Dow, Centocor's Vice President, Patent Law; and Philip Johnson, Johnson & Johnson's Chief IP Counsel, regardless of whether such materials have been designated Confidential or contain Confidential Material:

(i)     all motions, memoranda, and briefs filed in this Action, including all drafts of such motions, memoranda and briefs that a party intends to file (but not any exhibits thereto that have been designated Confidential by the Producing Party or that contain the Producing Party's Confidential Material, absent prior written consent of the Producing Party).

(ii)     all expert reports, and all drafts of expert reports that a party intends to serve, prepared for use in this Action (but not any exhibits cited in or appended thereto that have been designated Confidential by the Producing Party or that contain the Producing Party's Confidential Material, absent prior written consent of the Producing Party)

No party shall include Confidential Material in any drafts of motions, memoranda, briefs, or expert reports without a good faith and reasonable belief that such

Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

material will appear in the final filed or served version, or for the sole purpose of disclosing Confidential Material to the persons designated in this Paragraph 7(b).

(c)     It is the specific intent of this paragraph that Confidential Material shall not be available to other individuals, including the parties or their employees, except as may be permitted pursuant to Paragraph 8 herein.

(d)     Nothing in this Protective Order shall bar the persons identified in Paragraph 7(a) from rendering advice to the persons identified in Paragraph 7(b) and, in the course thereof, relying upon their examination of Confidential Material produced or exchanged in this litigation; provided, however, that in rendering such advice and in otherwise communicating with the persons identified in Paragraph 7(b) the specific contents of Confidential Material not otherwise identified in Paragraph 7(b) shall not be disclosed.  Moreover, nothing contained in Paragraph 7(b) shall preclude the persons listed therein from having the same access to Confidential Material as the persons listed in Paragraph 7(a)(viii), so long as the persons designated in Paragraph 7(b) meet the requirements of Paragraph 7(a)(viii) and provide a written statement to the Producing Party to that effect in advance of accessing the Confidential Material.

8.     In the event that a Receiving Party deems it necessary, in such Receiving Party's good faith and reasonable belief, in connection with this Action to disclose any material of the Producing Party designated Confidential to any person or category of persons not specified in Paragraph 7 herein, the Receiving Party first shall notify the Producing Party in writing of (a) the information or documents desired to be disclosed, (b) the person or category of persons to whom such disclosure is desired to be made, and shall attempt to reach agreement regarding such disclosure.  If agreement cannot be reached, the Receiving Party shall move this Court for an order that such person or category of persons may be given access to the Confidential Material, said motion to made in compliance with

Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

Local Rule 37. Until such motion is decided by this Court, no disclosure shall be made. In the event that such motion is granted, such person or category of persons may have access to the Confidential Material provided that before such access is given, such person or persons signs an undertaking to be bound by the terms of this Order in the form of Exhibit A hereto, and a copy is provided to the Producing Party by electronic mail and/or overnight courier.

9. In the event that any Receiving Party receives a subpoena or other process or order to produce Confidential Material, such party shall notify the counsel of record of the Producing Party of the document sought by such subpoena or other process or order, shall be notified in writing immediately by electronic mail and/or overnight courier, and in no event more than three (3) business days after the receipt of the subpoena or other compulsory process, and such notification shall include copies of the subpoena or compulsory process. The Receiving Party also must immediately inform the non-party who caused the subpoena or order to issue in the other litigation, in writing by electronic mail and/or overnight courier, that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the non-party in the other action that caused the subpoena or order to issue, by electronic mail and/or overnight courier. The Producing Party shall have the burden of defending against such subpoena, process, or order, and nothing in these provisions should be construed as authorizing or encouraging a party to this action to disobey a lawful directive from another court.

10. A Party's designation of documents as Confidential does not entitle that Party to have those documents filed under seal. Any Party desiring to file with the Court any document containing Confidential Material shall comply with the procedures set forth in Local Rule 79-5 and should seek to file under seal only those portions of the documents that are Confidential.

Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

To facilitate a Receiving Party's compliance with Local Rule 79-5, when a Receiving Party desires to file with the Court a document of the Producing Party that the Producing Party has designated as containing Confidential Material, in advance of any such filing, the Receiving Party shall confer with the Producing Party about the subject documents to determine whether the Producing Party intends to maintain the designation of the subject documents, or any portion thereof, as Confidential. If the Producing Party does intend to maintain the designation of the subject documents, or any portion thereof, as Confidential, the Producing Party shall promptly confirm so in writing in advance of the Receiving Party's filing.

To bring the matter promptly to the Court's attention, additional copies of the pleading or paper filed under seal may be submitted to Court in accordance with the procedures set forth in the Judge's Procedures, or Magistrate Judge's Procedures if the matter is referred to the Magistrate Judge. Such additional copies should be placed in a sealed envelope or other appropriate sealed container marked with the title and docket number of this Action, an identification of the nature of the contents of the sealed envelope or container, and a statement substantially in the following form:

SUBJECT TO PROTECTIVE ORDER ENTERED IN CASE NO. CV08-3573-MRP (CTx). This envelope, containing documents that are filed in this case by [name of party], is not to be opened nor are the contents thereof to be displayed or revealed except by order of the Court.

11.     A party may use any material designated as Confidential during depositions, hearings, trial, or other proceedings held in this Action, subject to the access and use limitations in Paragraphs 7 and 8, the rules of evidence, and subject to such further order as this Court may enter.

Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

[PROPOSED] STIPULATED PROTECTIVE ORDER – Case No. CV 08-03573 MRP (CTx)

**EXHIBIT 4 - PAGE 000105**

12.     The information produced by the parties or a non-party pursuant to pretrial discovery in this Action may be used and disclosed only for purposes of this Action.  No party or person shall make any other use of any such information, including, but not limited to, use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by a court order.

13.     Drafts of expert reports and notes or outlines for draft reports shall not be discoverable by any party and do not need to be identified on a privilege log. Communications between experts and counsel relating to the preparation of expert reports shall not be discoverable and do not need to be identified on a privilege log, except that any facts and/or documents provided to an expert, whether from counsel or any other source, and the source of those documents and/or information are discoverable.  The materials, communications and other information exempt from discovery under the foregoing sentences shall be treated as protected by the attorney-client privilege and/or attorney work product doctrine.

14.     If, in connection with the pending litigation, the Producing Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.

(a)     If a claim of inadvertent disclosure is made by the Producing Party with respect to Inadvertently Disclosed Information, the Receiving Party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed.

[PROPOSED] STIPULATED PROTECTIVE ORDER – Case No. CV 08-03573 MRP (CTx)

**EXHIBIT 4 - PAGE 000106**

(b)     Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Producing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

(c)     The Receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information, said motion to be made in compliance with Local Rule 37.  That motion shall be filed under seal and shall not assert as a ground for entering such an Order either (i) the fact or circumstances of the inadvertent production or (ii) any contents of the Inadvertently Disclosed Information, other than the information provided on a privilege log.  The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.  Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Inadvertently Disclosed Information.

15.     Inadvertent production of information, documents, or other items without marking or otherwise designating such material as Confidential Material does not waive its status as Confidential Material if a written request for reclassification of the material is made promptly after the Producing Party learns of its inadvertent production.  Disclosure by the Receiving Party of such material prior to receipt of such notice shall not be deemed a violation of this Order; provided, however, that those persons to whom such disclosure was made shall be advised promptly that the disclosed material is Confidential Material and must be treated in accordance with this Order.

16.     No copies of Confidential Material shall be made except by or on behalf of attorneys of record in this case or persons otherwise bound by this Order.  Any attorneys or other persons bound by this Order who make or cause to be made copies of Confidential Material shall maintain all such copies within their

possession or the possession of others who are entitled to access to such Confidential Material under this Order.

17.    Nothing in this order shall be deemed to preclude any party from seeking and obtaining modifications of this Order, including, but not limited to, modifications that would provide additional protection with respect to the confidentiality of documents or other discovery materials.

18.    Nothing herein shall be construed as preventing any party from using or continuing to use any information designated as Confidential if the Receiving Party, its counsel or independent experts or consultants can show that the information: (a) is at the time of disclosure, or thereafter becomes, through no act or omission by the Receiving Party or its employees, a part of the public domain; (b) is subsequently independently developed by the Receiving Party or was in the Receiving Party's lawful possession prior to disclosure; (c) was lawfully obtained from the Producing Party without having been identified as Confidential, except material designated as Confidential in accordance with Paragraph 4; or (d) was lawfully disclosed to the Receiving Party by a non-party that did not acquire the information under an obligation of confidentiality from or through the Producing Party.  Should a dispute arise as to any specific information or materials, the burden shall be upon the party claiming that such information or materials is or was publicly known or was lawfully obtained other than through discovery of the Producing Party.

19.    (a)    Nothing herein, nor acceptance by a Receiving Party of Confidential Material shall be construed as an agreement or admission: (1) that any information, document or other items designated as Confidential Material is in fact confidential, trade secret, or competitively-sensitive material; or (ii) with respect to the competency, relevance, admissibility, or materiality of any such information, document, testimony, or tangible object.  The parties reserve the right to make any

Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

[PROPOSED] STIPULATED PROTECTIVE ORDER – Case No. CV 08-03573 MRP (CTx)

**EXHIBIT 4 - PAGE 000108**

and all objections as to the admissibility of the material produced subject to this Order until trial of this case.

(b)     This Order has been entered to facilitate discovery and presentation of evidence to the Court.  Neither the designation of any information, document, testimony or tangible object as Confidential, nor the failure to make such designation, shall constitute evidence with respect to any issue in this Action.

20.     A party shall not be obligated to challenge the propriety of a Confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party disagrees at any point in these proceedings with the designation by the Producing Party of any information as Confidential, the parties shall try first to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the Receiving Party shall inform the Producing Party in writing that the material should not be deemed confidential and shall cite this paragraph.  The party objecting to the "Confidential" status of a document must present a motion in compliance with Local Rule 37 to the Court objecting to such status.  On any such motion, the proponent of the "Confidential" or designation shall bear the burden of proof.  The document shall continue to have such status unless and until its status is changed by a ruling of the Court or agreement of the parties.

21.     Within sixty (60) calendar days after the conclusion of this Action, all documents, objects, and other materials produced or designated as Confidential, and all reproductions thereof, shall at the option of the Producing Party, be destroyed or returned to the Producing Party, with the exceptions that (a) outside counsel and the three designated in-house counsel for the Receiving Party may keep one copy for a complete pleadings and correspondence file, (b) outside counsel and the three designated in-house counsel may maintain in their files all materials submitted or otherwise presented to the Court, deposition and trial

Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

[PROPOSED] STIPULATED PROTECTIVE ORDER – Case No. CV 08-03573 MRP (CTx)

**EXHIBIT 4 - PAGE 000109**

transcripts, and work product (regardless of whether such materials contain or refer to Confidential Material). If the Producing Party directs the Receiving Party to destroy such Confidential Material, then the Receiving Party, within ten (10) business days of destroying such material, must certify in writing that it has destroyed such material, and serve said certification upon the Producing Party by electronic mail and/or overnight courier. If the Producing Party directs the Receiving Party to return Confidential Material, the Producing Party shall reimburse the Receiving Party for any packing and shipping charges.

22. Insofar as the provisions of this and any other Protective Orders entered in this Action restrict the communication and use of information produced thereunder, such Orders shall continue to be binding after the conclusion of this Action except (a) that there shall be no restrictions on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any such Protective Orders.

23. Nothing in this Order shall in any way affect or restrict the right of the Producing Party to disclose or use for any purpose the information, documents, or other items produced and/or designated by it as Confidential Material.

24. The terms of this Order shall apply to confidential documents or material produced or disclosed by non-parties in connection with this Action if such non-party designates the document or information protected information pursuant to this Order.

25. This Order shall not prevent any party from applying to the Court for a further order of injunctive or other relief, and shall not preclude any party from enforcing its rights at law or in equity with respect to any information, document, or thing against any other person, including another party, believed to be violating the rights of any party.

[PROPOSED] STIPULATED PROTECTIVE ORDER – Case No. CV 08-03573 MRP (CTx)

**EXHIBIT 4 - PAGE 000110**

The foregoing is hereby stipulated by and between counsel.

Respectfully submitted,

Dated: October 9, 2009      KIRKLAND & ELLIS LLP

By:   /s/ Marcus E. Sernel    
Marcus E. Sernel
Attorneys for Defendant
Genentech, Inc.

Dated: October 9, 2009      DURIE TANGRI LEMLEY

ROBERTS & KENT LLP

By:   /s/ Daralyn J. Durie    
Daralyn J. Durie
Attorneys for Defendant
Genentech, Inc.

Dated: October 9, 2009      IRELL & MANELLA, LLP

By:   /s/ Joseph M. Lipner    
Joseph M. Lipner
Attorneys for Defendant
City of Hope

Dated: October 9, 2009      WOODCOCK WASHBURN LLP

By:   /s/ Aleksander J. Goranin    
Aleksander J. Goranin
Attorneys for Plaintiff
Centocor Ortho Biotech, Inc. and
Third-Party Defendants

Dated: October 9, 2009      CONNOLLY BOVE LODGE & HUTZ

LLP

By:   /s/ Bruce G. Chapman    
Bruce G. Chapman
Attorneys for Plaintiff
Centocor Ortho Biotech, Inc. and
Third-Party Defendants

Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

[PROPOSED] STIPULATED PROTECTIVE ORDER – Case No. CV 08-03573 MRP (CTx)
**EXHIBIT 4 - PAGE 000111**

1     The foregoing Stipulated Protective Order is hereby approved and shall

2 apply to all information, documents and other items subject to discovery in this

3 Action.

4

5

6 IT IS SO ORDERED

7 DATED this _20___ day of _OCTOBER, 2009

8

9         By: _____Mariana R. Pfaelzer_____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

[PROPOSED] STIPULATED PROTECTIVE ORDER – Case No. CV 08-03573 MRP (CTx)

**EXHIBIT 4 - PAGE 000112**

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| CENTOCOR ORTHO BIOTECH, INC., ) | |
|        Plaintiff, ) | |
|        v. ) | Case No. CV 08-03573 MRP (CTx) |
| GENENTECH, INC. AND CITY OF ) HOPE, ) | |
|        Defendants. ) | |

UNDERTAKING OF _____

I, _____, state that:

1.    My address is _____.

2.    My present employer is _____, and the address of my present employment is _____.

3.    My present job or occupation is: _____.

4.    I have no prior or current affiliation with the parties to this Action, OR [explain any prior or current affiliation other than expert consultation in connection with this litigation] _____.

5.    I have carefully read and understand the attached Stipulated Protective Order (the "Order") which has been entered by the United States District Court for the Central District of California in an action captioned *Centocor Ortho Biotech, Inc., v. Genentech, Inc., et al.*, Case No. CV08-3573 MRP (CTx).  The initially capitalized terms in this Undertaking shall have the meanings supplied in the Order.

6.    Pursuant to the Order, I may be given access to Confidential Material in the above-referenced action.  As a condition of access to that Confidential Material, and in consideration of that access, (a) I agree that I shall be bound by and comply

1

**EXHIBIT 4 - PAGE 000113**

with all the terms of the Order, including those limiting disclosure and use of Confidential Material, (b) I agree that I shall list any Confidential Material that is disclosed to me only for purposes of this action, and (c) I agree that I shall return all such material that comes into my possession to counsel for the party by whom I am retained.

7.      I submit to the jurisdiction of the United States District Court for the Central District of California for the enforcement of the Order.

8.      By reason of this Undertaking, the obligations imposed on me by the Order shall be enforceable by the Producing Party to redress any breach of the Order or this Undertaking.

9.      I have executed this Undertaking in duplicate on _____ whereupon it becomes binding in accordance with is terms.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ____ day of _____, 20__ in _____.


_____

Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

[PROPOSED] STIPULATED PROTECTIVE ORDER – Case No. CV 08-03573 MRP (CTx)

**EXHIBIT 4 - PAGE 000114**