# EXHIBIT 13

EXHIBIT 13 - PAGE 000369



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

LISA V. MUELLER
WOOD PHILLIPS KATZ CLARK & MORTIMER
3800 WEST MADISON STREET, SUITE 3800
CHICAGO, IL 60661

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. <u>90/007,542</u>. & 90/007 859

PATENT NO. <u>6331415</u>.

ART UNIT <u>3991</u>.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

GENE-CEN 022447

EXHIBIT 13 - PAGE 000370

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

ALAN J. GRANT
CARELLA BYRNE BAIN GILFILLAN ET AL
5 BECKER FARM ROAD, 2ND FLOOR
ROSELAND, NJ 07068

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. <u>90/007,859</u>. & 90/007542

PATENT NO. <u>6331415</u>.

ART UNIT <u>3991</u>.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

GENE-CEN 022448

EXHIBIT 13 - PAGE 000371

| **Notice of Intent to Issue Ex Parte Reexamination Certificate** | Control No.<br>90/007,859 & 90/007,542 | Patent Under Reexamination<br>6331415 |
|---|---|---|
| | Examiner<br>Padmashri Ponnaluri | Art Unit<br>3991 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

1. ☒ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
   (a) ☒ Patent owner's communication(s) filed: <u>2/12/09, 2/13/09</u>.
   (b) ☐ Patent owner's late response filed: _____.
   (c) ☐ Patent owner's failure to file an appropriate response to the Office action mailed: _____.
   (d) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
   (e) ☐ Other: _____.

   Status of *Ex Parte* Reexamination:
   (f) Change in the Specification:   ☐ Yes ☒ No
   (g) Change in the Drawing(s):      ☐ Yes ☒ No
   (h) Status of the Claim(s):
      (1) Patent claim(s) confirmed: <u>1-20 and 33-36</u>.
      (2) Patent claim(s) amended (including dependent on amended claim(s)): <u>21-32</u>
      (3) Patent claim(s) cancelled: _____.
      (4) Newly presented claim(s) patentable: _____.
      (5) Newly presented cancelled claims: _____.

2. ☒ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

3. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

4. ☒ Note attached LIST OF REFERENCES CITED (PTO/SB/08). 11 pgs!

5. ☐ The drawing correction request filed on _____ is: ☐ approved   ☐ disapproved.

6. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
   a)☐ All   b)☐ Some*   c)☐ None   of the certified copies have
      ☐ been received.
      ☐ not been received.
      ☐ been filed in Application No. _____.
      ☐ been filed in reexamination Control No. _____.
      ☐ been received by the International Bureau in PCT Application No. _____.
   * Certified copies not received: _____.

7. ☐ Note attached Examiner's Amendment.

8. ☒ Note attached Interview Summary (PTO-474).

9. ☐ Other: _____.

PADMASHRI PONNALURI
PRIMARY EXAMINER

EVELYN M. HUANG
PRIMARY EXAMINER
CRU – AU 3991

DEBORAH D. JONES
CRU SPE-AU 3991

cc: Requester (if third party requester)

U.S. Patent and Trademark Office
PTOL-469 (Rev.08-06)    Notice of Intent to Issue Ex Parte Reexamination Certificate    Part of Paper No 20090211

GENE-CEN 022449

EXHIBIT 13 - PAGE 000372

Application/Control Number: 90/007,859 & 90/007,542 Page 2
Art Unit: 3991

## *Reexamination*

### *Procedural Posture*

This is the merged *Ex parte* reexamination proceedings of 90/007,542 and 90/007,859.

This is merged reexamination of US Patent 6,331,415 (Cabilly II), issued on December 18, 2001.

Decision merging reexamination proceedings 90/007,542 and 90/007,859 was mailed on 6/6/06.

A First Office Action in this merged proceedings was mailed on 8/16/06.

Patent Owner filed a response on 10/30/06.

Final Rejection was mailed on 2/16/07.

A Request for Continued Reexamination was filed on 5/21/07. The Request for Continued Reexamination was granted on 6/10/07.

Final Rejection was mailed on 2/25/08.

After Final response was mailed on 6/6/08.

Advisory action was mailed on 7/19/08.

Notice of Appeal was filed on 8/22/08.

Appeal Brief was filed on 12/9/08.

A supplemental response and amendment are filed on 2/12/09. The amendment to claim 21 does not comply with Rule 1.530. A second supplemental amendment is filed on 2/13/09.

### *Amendment*

Claims 21, 27 and 32 are amended by the amendment filed on 2/13/09.

### *Information Disclosure Statement*

EXHIBIT 13 - PAGE 000373

GENE-CEN 022450

Application/Control Number: 90/007,859 & 90/007,542 Page 3
Art Unit: 3991

The Information disclosure statements (PTO/SB/08) filed on 2/11/09 and 6/6/08 have been considered. The documents L11 to L30 related to the litigation (cited in the 6/6/08 IDs) are considered, however a line is drawn through the citations because these documents are not appropriate for printing on the face of the reexamination certificate.

### *The Cabilly 6,331,415 Invention (Cabilly II Patent)*

The invention is drawn to a method for producing an immunologically functional immunoglobulin molecule or an immunologically functional immunoglobulin fragment by transforming a single host cell with a first DNA sequence encoding immunoglobulin heavy chain and a second DNA sequence encoding immunoglobulin light chain and independently expressing the first DNA sequence and second DNA sequence so that said immunoglobulin heavy chain and light chain are produced as separate molecules in said transformed single host cell.

Claims 1, 21 and 33 are representative of the invention.

Based on the prosecution history of the patent at issue, and the interference record from Interference No. 102,572, the term "immunoglobulin molecule" in claims 1 and 33 is considered to be immunologically functional molecule and capable of binding to a known antigen.

### *Withdrawn Rejections*

The obviousness-type double patenting rejection of claims 1-36 of U.S. Pat. No. 6,331,415 (Cabilly 2) over claims 1-7 of U.S. Patent No. 4,816,567 (Cabilly 1) in view of Axel et al. U.S. Pat. No. 4,399,216 (8/83), Rice and Baltimore, PNAS USA 79 (12/82):7862-7865, Kaplan et al. EP 0044722 (1/82), Builder et al U.S. Pat. No. 4,511,502 (issued 4/85), Accolla et

GENE-CEN 022451

EXHIBIT 13 - PAGE 000374

Application/Control Number: 90/007,859 & 90/007,542                            Page 4
Art Unit: 3991

al PNAS USA 77(1): 563,566 (1980), Dallas (WO 82/03088), Deacon (Biochemical. Society Transactions, 4 (1976):818-820), 1981 Valle (Nature, 291 (May '81) pages 338-340; Ochi (Nature, 302(3/24/83) pages 340-342 alone, or further in view of Moore et al. U.S. Pat. No. 5,840,545 (Nov. 24, 1998: effectively filed March 15, 1982) is withdrawn upon reconsideration and in view of Patent Owner's response and Declarations presented in this reexamination proceedings.

Cabilly I Patent (the '567 patent) claims are drawn to a method for preparing chimeric immunoglobulin heavy chain or immunoglobulin light chain molecules separately from transformed host cells. The host cell in the Cabilly I patent claims is transformed with either immunoglobulin heavy chain or immunoglobulin light chain. Cabilly I patent claims do not recite a single host cell transformed with DNA sequences encoding both immunoglobulin heavy chain and immunoglobulin light chain independently as required in the present Cabilly II claims.

Axel et al taught a process for inserting foreign DNA into eukaryotic cell by cotransformation with the disclosed foreign DNA I and DNA II that encodes a selectable marker. Axel et al did not teach a single host cell transformed with immunoglobulin heavy chain and immunoglobulin light chain independently. Axel et al did not teach co-expression of two foreign DNA sequences (see Harris declaration, McKnight declaration, Botchan declaration, Rice declaration, and Colman declaration).

Rice exogenously introduced a recombinant murine kappa light chain gene into a mutant lymphoid cell line (81A-2 cell line) that contains heavy chain (endogenous). Rice taught the co-expression of immunoglobulin heavy and light chain in the mutant cells. However, Rice did not teach that a single host cell is transformed with both immunoglobulin heavy chain and light

EXHIBIT 13 - PAGE 000375

GENE-CEN 022452

Application/Control Number: 90/007,859 & 90/007,542 Page 5
Art Unit: 3991

chain (see Rice Declarations, Colman declaration, Harris declaration, Botchan declaration, and McKnight declaration). Rice taught the successful expression of immunoglobulin light chain genes is linked to the ongoing ability of the cell to express its endogenous heavy chain gene (see Harris declaration, and Rice declaration).

Kaplan taught a method for producing an immunoglobulin multimer, wherein the individual immunoglobulin heavy chain and light chain are produced in separate cell culture. Kaplan did not teach producing immunoglobulin heavy chain and light chain in a single host cell (see Harris declaration, McKnight declaration, Botchan declaration, Colman declaration, and Rice declaration).

Dallas taught a method of making an E.coli vaccine by inserting into one E.coli cell genes obtained from another strain of E.coli. Dallas did not teach a method for producing multiple eukaryotic proteins from a single host cell (see Harris declaration, McKnight declaration, Rice declaration, and Botchan declaration).

Moore patent disclosed a method for producing "rFv" binding molecule comprising variable regions of immunoglobulin heavy chain and light chain. Moore patent taught producing immunoglobulin heavy chain and light chain in separate host cells. Moore patent taught the immunoglobulin heavy chain and light chain are inserted into two separate single-marker pGM1 based plasmids, resulting in pGM1H and pGM1L. Since both pGM1H and pGM1L plasmids contain the same selectable marker, two separate host cell cultures are transformed with each plasmid (see Scott declaration, McKnight declaration, Altman declaration). Thus, the Moore patent taught producing immunoglobulin heavy chain and light chain in separate host cells.

EXHIBIT 13 - PAGE 000376

GENE-CEN 022453

Application/Control Number: 90/007,859 & 90/007,542 Page 6
Art Unit: 3991

Deacon and Valle introduced and expressed exogenous immunoglobulin heavy chain and light chain in xenopus oocyte cells. Valle 1982 is cumulative in its teachings to Deacon and Valle reference. The Deacon and Valle reference did not describe any experiment where a eukaryotic host cell is transfected with DNA (see Rice Declarations, Colman declaration, Harris declaration, McKnight declaration and Botchan declaration).

Ochi taught a method of producing antibody by cloning an immunoglobulin light chain into a cell line endogenously producing an immunoglobulin heavy chain. Ochi did not teach that a single host cell is transformed with both immunoglobulin heavy chain and light chain (see Rice Declarations, Harris declaration, McKnight declaration and Botchan declaration).

Builder taught reconstitution techniques for recovering expressed polypeptides from bacterial host cells. Builder did not teach assembly of immunoglobulin tetramer (see Harris declaration).

Accolla described methods for making anti-CEA monoclonal antibodies. Accolla did not teach a method for producing monoclonal antibodies that bind to the CEA antigen through recombinant DNA techniques (see Harris declaration).

Upon reconsideration of the declarations by Harris, McKnight, Botchan, Colman, and Rice, a person of ordinary skill in the art at the time the invention was made would not have had a reasonable expectation of success modifying the Cabilly I Patent claims in accordance to the teachings of Axel, Rice, Kaplan, Builder, Accolla, Dallas, Moore patent, Deacon and Valle, and Ochi references of record to produce an immunologically functional immunoglobulin molecule by independently expressing immunoglobulin heavy chain and light chain in a single transformed host cell.

GENE-CEN 022454

EXHIBIT 13 - PAGE 000377

Application/Control Number: 90/007,859 & 90/007,542 Page 7
Art Unit: 3991

## STATEMENT OF REASONS FOR PATENTABILITY AND/OR CONFIRMATION

The following is an examiner's statement of reasons for patentability and/or confirmation of the claims found patentable in this reexamination proceeding:

The combination of the Cabilly I patent claims and the teachings of Axel, Rice, Kaplan, Builder, Accolla, Dallas, Moore patent, Deacon and Valle and Ochi references do not suggest or contain an enabling disclosure of a method to produce an immunologically functional immunoglobulin molecule by independently expressing immunoglobulin heavy chain and light chain in a single transformed host cell.

Any comments considered necessary by PATENT OWNER regarding the above statement must be submitted promptly to avoid processing delays. Such submission by the patent owner should be labeled: "Comments on Statement of Reasons for Patentability and/or Confirmation" and will be placed in the reexamination file.

### *Conclusion*

Claims 1-20, 33-36 are confirmed and amended claims 21-32 are allowed.

### *Future Correspondences*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Padmashri Ponnaluri whose telephone number is 571-272-0809. The examiner can normally be reached on Monday through Friday between 7 AM and 3.30 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor Deborah Jones can be reached on 571-272-1535. The fax phone number for the organization where this application or proceeding is assigned is 571-273-9900.

GENE-CEN 022455

EXHIBIT 13 - PAGE 000378

Application/Control Number: 90/007,859 & 90/007,542     Page 8
Art Unit: 3991

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

All correspondence relating to this Ex parte Reexamination proceeding should be directed to:

By EFS:

Registered users may submit via the electronic filing system EFS-Web at

    https://sportal.uspto.gov/authenticate/authenticateuserlocalepf.html

By Mail to:

*Attn: Mail Stop "Ex Parte Reexam"*
    Central Reexamination Unit
    Commissioner for Patents
    P. O. Box 1450
    Alexandria VA 22313-1450

By FAX to:
    (571) 273-9900
    Central Reexamination Unit

Hand-Deliver any communications to:
    Customer Service Window
    Attn: Central Reexamination Unit
    Randolph Building, Lobby Level
    401 Dulany Street
    Alexandria, VA 22314

Conferee: DEBORAH D. JONES
CRU SPE-AU 3991

EVELYN M. HUANG
PRIMARY EXAMINER
CRU - AU 3991

Padmashri Ponnaluri
Primary Examiner
Unit 3991
13 February 2009

GENE-CEN 022456

EXHIBIT 13 - PAGE 000379